SAVESKI v TISEO ARCHITECTS, INC

Docket No. 242610. Submitted April 6, 2004, at Lansing. Decided April 13, 2004, at 9:05 A.M.

Slavko and Lence Saveski brought an action in the Livingston Circuit Court against Tiseo Architects, Inc., and Benedetto Tiseo. The defendants moved to compel arbitration, arguing that a contract governing the parties' dealings provided for arbitration of claims. The court, Daniel A. Burress, J., ordered arbitration. Following arbitration, the plaintiffs moved to set aside the arbitration award and the defendants moved to confirm the award. The court remanded the matter to the arbitrator for findings of fact and conclusions of law. The defendants appealed by leave granted.

The Court of Appeals *held*:

1. Except for arbitration of statutory civil rights claims, which this case does not involve, an arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award. A court should not use the lack of a clear record as an impediment to its confirmation of an arbitration award.

2. In this case, the trial court should have confirmed the arbitration award without demanding the production of more factual and legal support, given the absence of a request before the appointment of the arbitrator for a written explanation of the arbitration award, and given that the award, on its face, lacks the kind of error that would allow the court to vacate or modify the award pursuant to MCR 3.602(J) and (K).

Reversed and remanded.

ARBITRATION — FINDINGS OF FACT — CONCLUSIONS OF LAW.

Findings of fact and conclusions of law in support of an arbitration award, except in the arbitration of statutory civil rights claims, are not prerequisites for a trial court's confirmation of the arbitration award (MCR 3.602).

*Lawrence J. Stockler & Associates, P.C.* (by *Lawrence J. Stockler*), for the plaintiffs.

*Thomas M. Keranen & Associates, P.C.* (by *Frederick F. Butters* and *Gary D. Quesada*), for the defendants.

Before: O'CONNELL, P.J., and JANSEN and MURRAY, JJ.

O'CONNELL, P.J. Defendants Tiseo Builders, Inc., and Benedetto Tiseo appeal by leave granted from an order denying their motion to confirm an arbitration award. The same order denied plaintiffs' motion to set aside the arbitration award. Instead, it ordered the case to be remanded to the arbitrator for findings of fact and conclusions of law, especially concerning the status given to plaintiff Slavko Saveski. We reverse and remand.

Defendants argue that the trial court erred by failing to confirm the arbitration award. We agree. Generally, issues regarding an order to enforce, vacate, or modify an arbitration award are reviewed de novo. *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003). According to MCR 3.602(J)(1), a reviewing court should vacate an arbitration award if it finds the following:

> (a) the award was procured by corruption, fraud, or other undue means;
> (b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;
> (c) the arbitrator exceeded his or her powers; or
> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

Arbitrators exceed their power when they "act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *DAIIE v Gavin*, 416

Mich 407, 434; 331 NW2d 418 (1982). " '[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside.' " *Id.* at 443, quoting *Howe v Patrons' Mut Fire Ins Co of Michigan*, 216 Mich 560, 570; 185 NW 864 (1921). In *Gavin, supra* at 428, our Supreme Court also recognized, however, that "[t]here is no requirement that a verbatim record be made of private arbitration proceedings, there are no formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required." With these principles in mind, the *Gavin* Court provided the following instruction for reviewing arbitration awards:

> Arbitration, by its very nature, restricts meaningful legal review in the traditional sense. As a general observation, courts will be reluctant to modify or vacate an award because of the difficulty or impossibility, without speculation, of determining what caused an arbitrator to rule as he did. The informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award. Reviewing courts are usually left without a plainly recognizable basis for finding substantial legal error. It is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable, such as that involved in these cases. In many cases the arbitrator's alleged error will be as equally attributable to alleged "unwarranted" factfinding as to asserted "error of law". In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for

the challenged award and the arbitrator's findings of fact are unreviewable. [*Id.* at 429.]

Therefore, the Court in *Gavin* clearly held that an arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award, and a reviewing court should not use the lack of a clear record as an impediment to its confirmation of an arbitration award.

Nevertheless, plaintiffs argue that *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118; 596 NW2d 208 (1999), requires an arbitrator to record the findings of fact and conclusions of law that led to the arbitration award. In *Rembert*, a conflict panel of this Court held that an arbitrator deciding an employee's claim under the Civil Rights Act, MCL 37.2101 *et seq.*, must take special care to preserve the employee's statutory rights to notice, counsel, discovery, fairness, and a neutral arbitrator. *Rembert, supra* at 160-161. While *Rembert* did not alter the standard of review stated in *Gavin*, it recognized that proper application of the standard of review in statutory civil rights cases meant that "arbitral awards must be in writing and contain findings of fact and conclusions of law." *Id.* at 165. "Without such a written opinion, courts would be unable to meaningfully apply the appropriate standard of review." *Id.*

Our holding in *Rembert, supra*, does not control in the present case, however, because this case does not involve the arbitration of statutory civil rights claims. *Rembert, supra* at 165. The record requirements in *Rembert* were more stringent because a court reviewing the arbitration of a civil rights claim must have a means of analyzing whether the arbitrator properly preserved the employee's statutory rights. In other words, while we did not expand the standard of review in *Rembert*, we did expand the scope of the review. Unlike *Gavin*,

which left methods of conclusion and calculation to the secret mental workings of the arbitrator, the statutory mandates and public policy considerations at issue in *Rembert* justified the additional requirement that an arbitrator bring those methods into the light. We will not extend the application of this requirement to arbitration of more commonplace contractual matters. Such a holding would unnecessarily encumber the informal and efficient arbitration procedures envisioned and fostered by our Supreme Court's holding in *Gavin*. Therefore, the arbitrator was not required by law to produce specific findings of fact and legal conclusions.

Furthermore, within the bounds of the law, contracting parties may tailor the arbitration's scope and procedure in a way that best suits them. *Watts v Polaczyk*, 242 Mich App 600, 608-609; 619 NW2d 714 (2000). The contract at issue incorporates by reference the American Arbitration Association's Construction Industry Dispute Resolution Procedures. Rule R-42 (as amended January 1, 1999) of those procedures states that an arbitrator only needs to provide a written explanation of an award if the explanation is "requested in writing by all parties prior to the appointment of the arbitrator, or if the arbitrator believes it is appropriate to do so . . . ." While plaintiffs maintain that they requested findings of fact and conclusions of law at the arbitration hearing, plaintiffs failed to demonstrate that both parties made such a request in writing before the appointment of the arbitrator. Therefore, under the procedural rules incorporated into the contract, the arbitrator was not required to include findings of fact and conclusions of law in the award unless he believed it was appropriate.

Finally, the trial court held that the written contract requiring arbitration was the only valid contract in-

volved in the transaction, and cursory review of the verbatim arbitration record demonstrates that the arbitrator properly limited the arbitration's scope to matters regarding the written contract. Remanding the arbitration award in this case would force the arbitrator to place the substance of his deliberations, mental impressions, and factual conclusions on the record, thwarting the arbitration's natural efficiency and improperly expanding the court's review of the case. This result would run contrary to our Supreme Court's statement in *Gavin, supra* at 429, that "[i]t is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable." Therefore, a trial court may not hunt for errors in an arbitrator's explanation of how it determined who is liable under the arbitrated contract, and who owes what damages to whom. Without the authority to modify or vacate a facially valid award at will, MCR 3.602(J) and (K), the trial court erred when it ordered an expansion of the record rather than reviewing the award provided. *Gavin, supra* at 429. To hold otherwise would allow a dissatisfied court to delve deeper and deeper into an arbitrator's factual and legal support until it finally unearthed a perceived error that could justify the court's desired outcome. Because the arbitration award in this case lacks the kind of facial error that would allow the court to modify or vacate it, the court should have confirmed the award without demanding the production of more factual and legal support. *Id.*; MCR 3.602(J) and (K).

Reversed and remanded. We do not retain jurisdiction.