# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL HARTIGAN,

        Plaintiff/Counter Defendant-
        Appellee,

v

THE GOLD REFINERY LLC,

        Defendant/Counter Plaintiff-
        Appellant.

UNPUBLISHED
October 1, 2015

No. 321506
Macomb Circuit Court
LC No. 2011-004683 - CZ

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals an order that entered a judgment for plaintiff in conjunction with an arbitral award. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant The Gold Refinery is a decentralized gold-for-cash business that purchases gold, usually in the form of jewelry, from individuals. Defendant then resells the gold to smelters at a profit. Direct purchases are made by defendant's agents, who organize hotel events and house parties where third parties can meet and sell their gold. The agents, according to defendant, are compensated based on the volume of gold that changes hands during these meetings.

Plaintiff Hartigan worked as an agent for defendant, and organized gold-purchase events in California. For reasons that are not clearly explained by either party, he sued defendant in 2011 for breach of contract and unpaid sales commissions. Because the parties agreed to binding arbitration, the dispute was submitted to an arbitrator in 2012, and the Macomb Circuit Court retained jurisdiction over the matter pursuant to MCR 3.602. There is no record of the arbitration proceedings, which took place from 2012 to 2014.

In August 2013, the arbitrator issued a partial final award, in which the arbitrator made his legal conclusions. The order specified that defendant: (1) had breached its contract with plaintiff for failure to pay him promised compensation; and (2) owed plaintiff statutory damages under MCL 600.2961 for its intentional withholding of commission payments. The partial final

-1-

award noted that the parties would be allowed to present evidence on each of these issues to determine the precise amount of damages owed by defendant.

After he considered the evidence submitted by the parties, the arbitrator issued a final order in January 2014. The order required defendant to pay plaintiff roughly $42,000 with interest. Soon thereafter, on January 22, 2014, defendant asked the trial court to vacate or modify the arbitral award, because the arbitrator supposedly misapplied MCL 600.2961 by awarding plaintiff a "commission" for his work, even though plaintiff did not sell gold on defendant's behalf. Plaintiff responded that: (1) defendant's motion was untimely, because defendant failed to appeal the August 2013 partial final award, which contained the substantive legal findings applicable to this case; and (2) in any event, the arbitrator did not make an error of law under MCL 600.2961, because he made a factual determination that plaintiff *was* paid a commission for his activities.

The trial court concurred with plaintiff's analysis and denied defendant's motion to vacate or modify the arbitral award. On appeal, defendant claims that the trial court erred in denying its motion, and makes the same arguments as it did at the motion hearing.

## II. STANDARD OF REVIEW

A trial court's decision to vacate or enforce an arbitral award is reviewed de novo. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "Judicial review of an arbitrator's decision is narrowly circumscribed." *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). A court may not review an arbitrator's findings of fact or decision on the merits, or substitute its judgment for that of the arbitrator. *Id*.

## III. ANALYSIS

It is well-established Michigan law that "as long as the arbitrator is even arguably construing or applying the [arbitration] contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *Ann Arbor*, 284 Mich App at 144. And, it is equally clear that an arbitral award may be vacated "where [legal error] clearly appears on the face of the award or [in] the reasons for the decision as stated." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004).

Here, there is nothing in the record regarding the arbitral award that suggests the arbitrator exceeded his contractual authority or committed legal error when he decided that plaintiff was entitled to damages for withheld commissions pursuant to MCL 600.2961. As plaintiff observes, there is no merit to defendant's protestations that its business model—where its agents purchase gold from third parties with company funds, and then are paid for the volume of gold they purchase—does not involve the payment of commissions, and thus protects it from liability under MCL 600.2961. Defendant's argument is simply inconsequential to the particular facts of this case, which were properly found by the arbitrator. "On the face of the [arbitral] award," it is obvious that the arbitrator found, *in this case*, that defendant withheld commissions from plaintiff, and that it accordingly was required to pay plaintiff damages pursuant to MCL

600.2961. *Saveski*, 261 Mich App at 555. Again, "[a] court may not review an arbitrator's factual findings or decision on the merits." *Ann Arbor*, 284 Mich App at 144.[1]

Because defendant's appeal has no substantive legal merit, it is unnecessary to address defendant's procedural argument on the timeliness (or lack thereof) of its motion to vacate or modify the arbitral award.[2]

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad

---

[1] Moreover, there is nothing for us to review apart from the arbitral awards—there is no record of the arbitral proceedings other than the August 2013 partial final award and the June 2014 final award.

[2] In any event, the trial court *correctly* held that defendant's motion to vacate or modify the arbitral award was untimely. The arbitrator issued his partial final award on August 26, 2013, which contained his substantive conclusions of law on each issue in this case. If defendant believed the arbitrator's legal conclusions to be in error, it should have filed a motion to vacate the award within 90 days pursuant to MCL 691.1703(2). Defendant failed to do so, and its claims that the partial final award was not a final order on the substantive legal issues in this case are frivolous and unpersuasive. Defendant's motion to vacate or modify the arbitrator's award, filed on January 22, 2014, contested its *general liability* under MCL 600.2961—the exact issue which was decided in the arbitrator's partial final award, issued, again, on August 26, 2013. The motion did not contest the *specific amount* defendant was ordered to pay plaintiff under MCL 600.2961, which is the only issue the arbitrator decided in his final award, issued in January 2014.