# STATE OF MICHIGAN

# COURT OF APPEALS

GALASSO, PC, and GALASSO &
ASSOCIATES, CPA, PLC,

        Plaintiffs/Counter-Defendants-
        Appellants/Cross-Appellees,

v

JAMES GRUDA and MICHELLE GRUDA,

        Defendants-Appellees/Cross-
        Appellants,

and

GRUDA PRODUCTS, INC., MHC PRODUCTS,
INC., CH PROPERTIES, LLC, and THE
STONEHOUSE BAR, INC.,

        Defendants/Counter-Plaintiffs-
        Appellees.

UNPUBLISHED
February 8, 2018

No. 335659
Oakland Circuit Court
LC No. 2015-144936-CK

JAMES GRUDA and MICHELLE GRUDA,

        Plaintiffs-Appellees/Cross-
        Appellants,

v

GALASSO & ASSOCIATES, CPA, PLC,
GALASSO, PC, and JOSEPH P. GALASSO, JR.,

        Defendants-Appellants/Cross-
        Appellees.

No. 335659
Oakland Circuit Court
LC No. 2015-145644-CZ

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

-1-

In this case involving a dispute over legal and accounting fees and the validity of a mortgage and promissory note, Galasso, PC; Galasso & Associates, CPA, PLC; and Joseph P. Galasso, Jr. (collectively referred to as "the Galasso parties"), appeal as of right from a trial court order confirming an arbitration award in connection with two consolidated lower court cases. James Gruda and Michelle Gruda (collectively referred to as "the Grudas") cross-appeal as of right, challenging the trial court's grant of summary disposition regarding certain counts of their complaint against the Galasso parties. We affirm the trial court's decision to confirm the arbitration award and conclude that our resolution of this issue renders the Grudas' cross-appeal moot.

In lower court docket number 2015-144936-CK, Galasso, PC, and Galasso & Associates, CPA, PLC (hereinafter referred to as "G&A") sued the Grudas and their affiliated companies. The complaint alleged that the Grudas and their companies owed Galasso, PC, and G&A a substantial sum for accounting, tax, and legal services rendered from 1995 to 2008. The complaint also alleged:

> [I]n January 2004, Michelle and James Gruda issued a Promissory Note for $80,000.00 to Galasso & Associates, CPA, PLC secured by a Mortgage granted by Michelle Gruda to Galasso & Associates, CPA, PLC for real property located at 3179 Hixon Rd, Rochester, Michigan, in exchange for the outstanding debt of the Grudas personally and their Affiliated Companies.

Galasso, PC, and G&A alleged that the Grudas signed a professional services agreement, which provided that they would be personally liable for the cost of services performed on behalf of their companies. The complaint asserted theories of liability sounding in breach of contract, unjust enrichment, promissory estoppel, and account stated.

The Grudas and their companies generally denied the allegations in the complaint, including the allegation that they had executed a mortgage and promissory note in favor of G&A. By way of affirmative defenses, the Grudas and their companies asserted that the purported promissory note was unenforceable for lack of consideration, that the alleged debt was barred by the statute of frauds, and that the professional services agreement was unenforceable because it violated the Michigan Rules of Professional Conduct.

The Grudas' companies also filed a counter-complaint against Galasso, PC, and G&A in the original action and, at the same time, the Grudas individually filed a complaint against the Galasso parties (including Joseph P. Galasso, Jr.) in a separate action under docket number 2015-145644-CZ. The Grudas' complaint alleged that there was no consideration given for the promissory note and that the related mortgage securing the note could not be enforced. The Grudas further alleged violations of the Michigan Rules of Professional Conduct based on the Galasso parties' failure to send timely invoices and improper acquisition of a client's business interests via the mortgage. Later, the Grudas amended their complaint to add theories of intentional fraud and innocent misrepresentation arising from Joseph Galasso's failure to advise them that execution of the professional services agreement would cause them to be personally

liable for the obligations of their companies.[1]  The Grudas' amended complaint also added a claim entitled "Waiver," asserting reliance on the Galasso parties' repeated assurances that they would not seek payment of the fees that were purportedly secured by the mortgage.  By stipulated order, the two cases were consolidated and transferred to the Oakland County Business Court.

The Galasso parties filed a motion for summary disposition with respect to the Grudas' claims in case number 2015-145644-CZ, arguing that the promissory note and mortgage were enforceable and supported by consideration.  They further argued that the claims based on violation of the rules of professional conduct failed to state a claim upon which relief could be granted because those rules do not create an independent cause of action.  The court granted the Galasso parties' motion, finding that that mortgage and note were, on their faces, supported by adequate consideration.  The court also agreed that the rules of professional conduct do not create a private cause of action that the Gruda parties could assert and dismissed their claims based on those theories.  However, the court noted that the motion for summary disposition did not address the theories of fraud, misrepresentation, and waiver raised in the Grudas' second amended complaint and, therefore, did not dismiss those claims.

Subsequently, by agreement of the parties, the court entered a stipulated order submitting the dispute to binding arbitration.  The Galasso parties moved for summary disposition within the arbitration proceedings, seeking to dismiss the Grudas' claims of fraud and misrepresentation.  In their motion, the Galasso parties argued that the fraud and misrepresentation claims should be time-barred by the applicable six-year statute of limitation found in MCL 600.5813.  The arbitrator denied summary disposition, holding that there were genuine issues of material fact regarding when the note and mortgage were discovered.  The arbitrator also held that, even if untimely, the Grudas' claims were allowed under the so-called counterclaim saving statute, MCL 600.5823, which allows untimely claims to be raised defensively.

Following various hearings, the arbitrator issued an award in favor of Galasso, PC, and G&A with respect to their monetary claims against MHC Products, Inc., and Gruda Products, Inc., but denied recovery with respect to the claims against the Grudas and their remaining companies.  The award also provided no recovery in connection with the counterclaims filed by the Grudas' companies.  The arbitration award further stated as follows:

> On the claims of James Gruda and Michelle Gruda against the Galasso Parties in their Second Amended Complaint in Case No. 2015-145644-CZ remaining after entry of the Court's *Opinion and Order Re: Summary Judgment* dated October 7, 2015: (i) the Promissory Note Line of Credit dated January 2, 2004 is hereby declared to be void and unenforceable; (ii) the Real Estate Mortgage recorded January 23, 2004 (the "Mortgage") is hereby declared to be

---

[1] The Grudas' fraud and misrepresentations claims also referred to the promissory note and mortgage "to the extent [those instruments] were executed by Plaintiff[s] . . . ."

void and unenforceable; and (iii) the Professional Services Agreement executed on February 26, 2007 is hereby declared to be void and unenforceable.

The parties then filed competing motions concerning the arbitration award, with the Grudas and their companies seeking to confirm the award, and the Galasso parties seeking to vacate the award to the extent that it found the mortgage, promissory note, and professional services agreement unenforceable. The Galasso parties maintained that the arbitrator exceeded his powers by not applying the six-year statute of limitations to the Grudas' fraud and misrepresentation claims. In pertinent part, the Galasso parties argued that (1) the discovery rule did not apply to fraud, so the Grudas' fraud claims accrued when the alleged fraud was committed—i.e., in 2004, when the promissory note and mortgage were executed, or in 2006[2] when the professional service agreement was executed—and were now time-barred; (2) the counterclaim saving statute should not have been applied because the Grudas brought their suit as a separate action and not as a counterclaim; and (3) the arbitrator was estopped from invalidating the mortgage and promissory note because the trial court ruled that both were supported by consideration in its earlier opinion regarding summary disposition.

Following two hearings, the trial court issued an opinion and order confirming the arbitration award. The Galasso parties appealed the trial court's decision to confirm the arbitration award, and the Grudas cross-appealed, challenging the trial court's decision regarding summary disposition.

The Galasso parties argue on appeal that the trial court should have vacated the award because the arbitrator exceeded the powers of an arbitrator. We disagree. "A trial court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo."[3]

The stipulated order to arbitrate provided that the arbitration would be conducted under the Uniform Arbitration Act, MCL 691.1681 *et seq.* MCL 691.1703(1) sets forth the circumstances in which a court may vacate an arbitration award, including when the arbitrator exceeds his or her authority.[4] The only asserted ground for vacating the award in this case is that the arbitrator exceeded his powers under MCL 691.1703(1)(d). "Arbitrators exceed their power when they 'act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.' "[5] The Galasso parties' position on appeal concerns the later form of error.

---

[2] Although the Galasso parties' motion refers to 2006, we note that the professional services agreement was executed on February 26, 2007.

[3] *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010).

[4] MCL 691.1703(1)(d). MCR 3.602(J)(2)(c) similarly directs the court to vacate an award if the arbitrator exceeds his or her power.

[5] *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004), quoting *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982).

"Where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside."[6]

In denying the Galasso parties' motion to vacate the arbitration award, the trial court explained,

[I]t isn't clear why the Arbitrator believed the Gruda parties' fraud and misrepresentation claims survived. It could be that the Arbitrator determined that the discovery rule applied or it could be that he believed the counterclaim saving statute saved said claims.

According to the Galasso parties, regardless of whether the arbitrator relied on the discovery rule or the counterclaim saving statute, it is apparent that he reached the wrong conclusion due to an error of law because either rationale was in contravention of controlling legal principles. As they did below, the Galasso parties argue that the discovery rule does not apply to fraud and, to the extent that the arbitrator applied the rule based on a theory of fraudulent concealment, he erred by doing so because the Grudas did not plead fraudulent concealment in their complaint. If, on the other hand, the arbitrator applied the counterclaim saving statute, he likewise erred because the Grudas plead their claims of fraud and misrepresentation in a separate complaint, rather than as counterclaims in the first action filed by Galasso, PC, and G&A.

We find it unnecessary to determine whether the Galasso parties' arguments concerning the applicability of the discovery rule and counterclaim savings statute are correct. Assuming, without deciding, that the arbitrator would have acted in contravention of controlling principles of law in either instance, we agree with the trial court's conclusion that the arbitrator's reasons for declaring the promissory note, mortgage, and service agreement void and unenforceable are not apparent on the face of the award. However, we do not agree with the trial court's implicit suggestion, or the Galasso parties' explicit argument, that the award could only have been reached through application of the discovery rule or counterclaim saving statute. This notion is fundamentally flawed because it ignores the simple fact that the Grudas asserted a third "claim" to the arbitrator for consideration: waiver.

"[A] waiver is a voluntary and intentional abandonment of a known right."[7] In this case, it is possible that the arbitrator was persuaded by the Grudas' assertion that the Galasso parties regularly waived enforcement of the note, mortgage, and service agreement and held those instruments enforceable on that basis. Alternatively, the arbitrator might have construed the

---

[6] *Saveski*, 261 Mich App at 555, quoting *Gavin*, 416 Mich at 443 (quotation marks omitted) (alteration in original).

[7] *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003).

Grudas' waiver "claim" as an inartful invocation of the doctrine of equitable estoppel, which is "essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar."[8] Without delving further into possible legal theories or factual findings that may have driven the arbitrator's decision, it is evident that the award did not, out of necessity, stem from an error of law. Accordingly, because the arbitrator's award in this case "lacks the kind of facial error that would allow the court to modify or vacate it,"[9] the trial court did not err by enforcing the arbitration award.

On cross-appeal the Grudas argue that the trial court erred by granting summary disposition in favor of the Galasso parties regarding whether the promissory note and mortgage were supported by valid consideration. We disagree. However, we note that our resolution of the principal appeal renders this issue moot because the note and mortgage were held unenforceable. Accordingly, we cannot grant any further relief on cross-appeal.

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

---

[8] *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997).

[9] *Saveski*, 261 Mich App at 558.