# STATE OF MICHIGAN

# COURT OF APPEALS

WALTON & ADAMS, LLC, AND HEATHER
ENTERPRISES, INC., doing business as A-STAR
CONVENIENCE,

        Plaintiffs-Appellants,

v

SERVICE STATION INSTALLATION
BUILDING & CAR WASH EQUIPMENT, INC.,

        Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No. 340758
Oakland Circuit Court
LC No. 2015-150119-CB

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order confirming an arbitration award and entering judgment in favor of defendant, and denying plaintiffs' countermotion to vacate the arbitration award. We affirm.

This action arises out of a contract whereby defendant was to perform demolition and construction services related to a gas station operated by A-Star and owned by Walton & Adams, LCC (W&A). When the project was not completed in the expected time frame, the contract was terminated for default. Defendant filed a claim of lien against both plaintiffs in the amount of $355,778.84. Plaintiffs then filed this lawsuit, challenging the claim of lien. Defendant filed a counterclaim, alleging that the contract was wrongfully terminated. Subsequently, the parties agreed to arbitration and the arbitrator determined that plaintiffs were jointly and severally liable to defendant in the amount of $80,733.68. Defendant requested that the trial court confirm the award and enter judgment in its favor, and plaintiffs filed a countermotion to vacate the arbitration award. The trial court ultimately found that it was unable to conclude that the arbitrator exceeded his authority and entered judgment in favor of defendant and against plaintiffs, jointly and severally, in the amount of $80,733.68. This appeal followed.

Plaintiffs argue that the trial court erred in confirming the arbitration award and entering judgment in defendant's favor because the arbitrator made an error of law by ruling that plaintiffs were jointly and severally liable to defendant for damages, and exceeded his authority by entering an arbitration award based on insufficient evidence. We disagree.

-1-

"This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award." *City of Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

This Court's ability to review an arbitration award is extremely limited. *Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015). A reviewing court can only act on a written record but " '[t]here is no requirement that a verbatim record be made of private arbitration proceedings, there are no formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required.' " *Hope-Jackson v Washington*, 311 Mich App 602, 613-614; 877 NW2d 736 (2015), quoting *Detroit Auto Inter-Ins Exch (DAIIE) v Gavin*, 416 Mich 407, 428; 331 NW2d 418 (1982). Thus, reviewing courts are generally hesitant to modify or vacate an award because " '[t]he informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award.' " *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004), quoting *DAIIE*, 416 Mich at 429.

Generally, this Court's review of an arbitration award is " 'restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record.' " *Hope-Jackson*, 311 Mich App at 614, quoting *DAIIE*, 416 Mich at 428-429. "By 'on its face' [this Court] mean[s] that only a legal error 'that is evident without scrutiny of intermediate mental indicia' will suffice to overturn an arbitration award," because this Court is not permitted to review "an 'arbitrator's mental path leading to [the] award.' " *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009) (quotation marks and citations omitted). Further, in order for this Court to vacate or otherwise modify an arbitration award, the error of law must be so egregious that it " 'materially affect[s] the outcome of the arbitration . . . [and] plainly demonstrate[s] a disregard of principles fundamental to a fair resolution of the dispute[.]' " *Hope-Jackson*, 311 Mich App at 614, quoting *DAIIE*, 416 Mich at 430.

Plaintiffs first contend that the trial court erred in confirming the award and entering judgment in favor of defendant because the arbitrator assessed joint and several liability against plaintiffs based on an incorrect finding of fact, namely, that plaintiff W&A was a party to the contract between plaintiff A-Star and defendant. In support of their argument, plaintiffs allege that the parties stipulated to the fact that W&A was not a party to the contract between A-Star and defendant. However, no evidence of such a stipulation was ever given on the record in the trial court, and this Court does not have access to a verbatim record of the proceedings that took place in the arbitration hearing. The only documentation available to this Court that gives any indication of what occurred in the arbitration hearing is the arbitration award. The arbitration award states that "[t]he arbitrator finds that plaintiffs/counter-defendants and defendant/counter-plaintiff . . . entered into an enforceable contract on or about July 30, 2015," indicating that, based on the evidence proffered by the parties at the arbitration hearing, the arbitrator found that both plaintiffs entered into a contract with defendant. No further factual findings are included in the text of the arbitration award, but the arbitrator is not required to make a record of its findings of fact or conclusions of law. See *Hope-Jackson*, 311 Mich App at 614.

We reiterate that this Court is only able to review an award if an error of law appears on the face of the award. *Id*. This Court's review of an arbitrator's award cannot be expanded to include speculation regarding "mental indicia," or legal and factual conclusions that the arbitrator was required to make in order to reach its ruling. *Saveski*, 261 Mich App at 558. "[A] trial court may not hunt for errors in an arbitrator's explanation of how it determined who is liable under the arbitrated contract, and who owes what damages to whom." *Id*. This arbitration award lacks the type of obvious facial error that would allow this Court to vacate or modify it. To do so would require an analysis of the facts of the case and speculation regarding the arbitrator's factual conclusions, which this Court is not authorized to review. *Id*. Ultimately, an arbitrator's award must be upheld by this Court if the arbitration award indicates that the arbitrator considered controlling law and the evidence presented by the parties. *Washington*, 283 Mich App at 674. The arbitrator's award states:

> With respect to [defendant]'s counterclaim against plaintiffs/counterdefendants, after reviewing the briefs and evidence presented at the hearing the arbitrator finds that plaintiffs/counterdefendants materially breached the contract by improperly terminating the contract with [defendant]. [Defendant] presented evidence that [it] incurred damages in the amount of $80,733.68 as a result of the breach.

It is apparent that the arbitrator considered controlling law regarding breach of contract and examined the evidence presented by the parties. "[O]nce we have recognized that the arbitrator utilized controlling law, we cannot review the legal soundness of the arbitrator's application of Michigan law." *Id*. Accordingly, plaintiffs' claim is without merit.

Plaintiffs also argue that the trial court erred in confirming the arbitration award and entering judgment in defendant's favor because the arbitrator exceeded his authority by assessing $80,778.68 in damages based on insufficient evidence. Plaintiffs allege that only one spreadsheet of calculations was submitted to the arbitrator, which allegedly showed that defendant was entitled to $80,778.68 in damages. Plaintiffs' argument presents a question regarding the procedures used in arbitration proceedings. The stipulated order referring the case to arbitration directed the parties to participate in statutory arbitration. The Uniform Arbitration Act (UAA), MCL 691.1681 *et seq*., currently governs statutory arbitration. *Fette*, 310 Mich App at 542. The UAA " 'governs an agreement to arbitrate whenever made[.]' " *Id*., quoting MCL 691.1683(1).

> MCL 691.1695, which specifically governs the arbitration process, provides as follows:
>
> (1) An arbitrator may conduct an arbitration in the manner that the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding. The authority conferred on the arbitrator includes the power to . . . determine the admissibility, relevance, materiality, and weight of any evidence. [MCL 691.1695(1).]

Plaintiffs do not dispute that defendant presented a spreadsheet that indicated the amount of its damages. Further, there is evidence that defendant presented Hassan Houmani, who acted as an agent of defendant, as a witness to testify regarding the damages incurred by defendant. Thus,

the record suggests that evidence was submitted to the arbitrator for his consideration in making a determination regarding the award of damages to defendant. However, this Court has previously stated that reviewing courts may not "engage in a fact-intensive review of how an arbitrator calculated values, and whether the evidence he relied on was the most reliable or credible evidence presented." *Washington*, 283 Mich App at 675. Thus, "even if the award was against the great weight of the evidence or was not supported by substantial evidence, this Court would be precluded from vacating the award." *Fette*, 310 Mich App at 544-545. Accordingly, plaintiffs' claim must fail.

Affirmed. Defendant is entitled to costs as the prevailing party. See MCR 7.219(A).


/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron