# Court of Appeals, State of Michigan

## ORDER

TSP Services Inc v National-Standard LLC

Docket No.    342530

LC No.    2016-000018-CB

Brock A. Swartzle
Presiding Judge

Elizabeth L. Gleicher

Michael J. Kelly
Judges

The Court orders that the September 10, 2019 opinion is hereby VACATED, and a new opinion is attached.

/s/Brock A. Swartzle

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 17, 2019
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TSP SERVICES, INC., doing business as TSP
ENVIRONMENTAL,

       Plaintiff/Counterdefendant-
       Appellee,

v

NATIONAL-STANDARD, LLC, and DW-
NATIONAL STANDARD-NILES, LLC, doing
business as NATIONAL-STANDARD, LLC,

       Defendant/Cross-Defendants-
       Appellants,

and

NATIONAL-STANDARD COMPANY,

       Defendant/Cross-Defendant,

and

ENVIRONMENTAL DEMOLITION GROUP,
LLC,

       Defendant/Counterplaintiff/Cross-
       Plaintiff.

FOR PUBLICATION
September 17, 2019
9:05 a.m.

No. 342530
Berrien Circuit Court
LC No. 2016-000018-CB

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

SWARTZLE, P.J.

With respect to a dispute over a construction contract, Michigan law limits a construction lien to the amount of the contract less any payment already made. Although a party suing for breach of contract might recover consequential damages beyond the monetary value of the contract itself, those consequential damages cannot be subject to a construction lien. The arbitrator in this case concluded otherwise, and this clear legal error had a substantial impact on

the award. Accordingly, we reverse with respect to this portion of the award, but affirm in all other respects.

## I. BACKGROUND

Defendants, National-Standard, LLC, and DW-National Standard-Niles, LLC (collectively, National-Standard), appeal by leave granted the trial court's order denying their motion to vacate an arbitration award and confirming the arbitration award and money judgment in favor of plaintiff, TSP Services, Inc. See *TSP Servs, Inc v National-Standard, LLC*, unpublished order of the Court of Appeals, entered August 8, 2018 (Docket No. 342530). Although the parties raised several issues during arbitration, this appeal centers primarily on whether TSP's inability and failure to remove steel from a construction site, and the potential lost profits from the sale of that unrecovered steel, may properly be the subject of a construction lien. Because the appeal involves a discrete question, and because the nature of arbitration disfavors this Court's review of the facts and merits of the case, we will only briefly review the facts underlying this dispute.

The parties entered into a contract on August 30, 2013, under which TSP was to perform asbestos abatement, demolition and disposal of scrap steel and other waste, and site restoration work at a National-Standard facility in Niles, Michigan. The total price listed in the contract is $414,950.00, to be paid in installments—one third as a down payment and the balance due "upon completion of abatement." Critical to this appeal, the contract does not mention the sale of scrap steel or TSP's potential profits from the sale of scrap steel. Although it is clear from the arbitration proceedings that both parties recognized that the sale of scrap steel was a major part of the project, the subject is not outlined in the contract, which provides for a total payment of $414,950.00 and includes an integration clause.

The project encountered various delays. Asbestos removal did not begin until May 2014. Because the asbestos removal was delayed, extraction of steel was also delayed. TSP completed the asbestos-abatement work and was paid $273,867.00, but after several disputes, National-Standard requested that TSP suspend all work on the project. At that point, TSP had extracted only 9% of the available steel from the job site. In April 2015, TSP filed a claim of lien in the amount of $141,083.00, the amount still unpaid under the contract, plus additional damages, including the net value of the steel that TSP was unable to extract from the site.

The parties attended arbitration, and the arbitrator concluded that National-Standard breached the contract. The arbitrator awarded $782,469.05 in damages to TSP, broken out as follows—$141,083.00 for the unpaid invoice under the contract; $46,557.39 for interest on that unpaid invoice; $391,809.00 for lost profits on steel inventory; $33,793.00 for interest on those lost profits; and $169,226.13 for attorney fees and costs. (There is a discrepancy of 53 cents between the total amount awarded by the arbitrator and the sum of the components awarded, though neither party takes issue with this de minimis discrepancy.) The arbitrator further determined that TSP's construction lien was valid as filed and could be enforced on the entire award.

National-Standard subsequently moved the trial court to vacate the arbitration award, arguing that the arbitrator committed clear legal error. The trial court denied National-Standard's motion, and this appeal followed.

## II. ANALYSIS

### A. LIMITED JUDICIAL REVIEW OF ARBITRATION AWARD

In general, courts have a limited role in reviewing arbitration awards. This Court reviews de novo a circuit court's decision whether to vacate an arbitration award. *Hope-Jackson v Washington*, 311 Mich App 602, 613; 877 NW2d 736 (2015). "A court may not review an arbitrator's factual findings or decision on the merits." *Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009) (citations omitted). Instead, a court may only review an arbitrator's decision for errors of law. *Detroit Auto Inter-Insurance Exch v Gavin*, 416 Mich 407, 443; 331 NW2d 418 (1982) (*DAIIE*); *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554-555; 682 NW2d 542 (2004).

Not every error of law by an arbitrator, however, merits subsequent court intervention.

> [W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the new award and decision will be set aside. [*DAIIE*, 416 Mich at 443.]

Moreover, in determining whether there is legal error, the court cannot engage in a review of an arbitrator's mental process, *Hope-Jackson*, 311 Mich App at 614, but instead must review "the face of the award itself," *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009).

### B. NO ERROR IN AWARD OF CONSEQUENTIAL DAMAGES

National-Standard challenges both the arbitrator's award of consequential damages and the construction lien securing those damages. Considering the first challenge, there is no basis to disturb the award of consequential damages. Generally speaking, a party asserting a breach of contract may recover damages that are "the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). The arbitrator here recognized that both parties were aware that TSP intended to recover the steel from the demolition site and sell that steel for a profit. The arbitrator concluded that National-Standard breached the contract, causing TSP to be unable to recover and sell the steel. The arbitrator further concluded that TSP potentially lost profits from the sale of the steel, and the lost profits could reasonably be considered a result of National-Standard's breach. The arbitrator's conclusions are in accord with our contract law, see *id.*, and our review of the arbitrator's award confirms that there is no sound basis to disturb this part of the award, see *Saveski*, 261 Mich App at 555.

## C. CONSTRUCTION LIEN CANNOT EXCEED REMAINING AMOUNT UNDER THE CONTRACT

With respect to its second challenge, National-Standard asserts that the arbitrator awarded a construction lien on the amount of the entire award, rather than just the amount remaining on the contract itself. National-Standard argues that this exceeds the statutory limit on construction liens imposed by our Legislature.

As set forth in the construction lien act, "Each contractor, subcontractor, supplier, or laborer who provides an improvement to real property has a construction lien upon the interest of the owner or lessee who contracted for the improvement to the real property." MCL 570.1107(1). The act defines "improvement" to include "clearing, demolishing, excavating . . . altering, [or] repairing . . . material, pursuant to a contract." MCL 570.1104(5), as amended by 2010 PA 147.[1] There is no question that, pursuant to the parties' contract, TSP provided an improvement to the real property within the meaning of the act. Nor does National-Standard challenge the arbitrator's finding that it breached the contract and, therefore, TSP is entitled to a construction lien.

Rather, National-Standard challenges the scope of the lien. The act provides in relevant part, "A construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract." MCL 570.1107(1). The statute defines the term "contract" as "a contract, of whatever nature, for the providing of improvements to real property, including any and all additions to, deletions from, and amendments to the contract." MCL 570.1103(4). Therefore, under "the plain language of the statute, the amount of the lien is determined by the terms of the contract." *Mich Pipe and Valve-Lansing, Inc v Hebeler Enterprises, Inc*, 292 Mich App 479, 487; 808 NW2d 323 (2011).

The parties' contract sets out that TSP would complete three phases of work, namely (1) asbestos abatement, (2) demolition and disposal of all refuse, and (3) restoration work. The total amount that National-Standard agreed to pay TSP for the work is $414,950.00, and at the time of the arbitration it had already paid $273,867.00, leaving an unpaid balance of $141,083.00. The contract contained no mention of scrap steel or any compensation for TSP for the removal or sale of the scrap steel. While the parties understood that TSP would try to make a profit on the disposal of scrap steel, this was an understanding outside of the four corners of the integrated contract. In sum, the parties contractually agreed that TSP would dispose of the refuse (including scrap steel), and how it did so and under what financial conditions were solely up to TSP and not part of the contract. Thus, pursuant to the plain meaning of the construction lien act, the amount of any construction lien for TSP could not exceed the remaining unpaid balance under the contract, i.e., $141,083.00. See MCL 570.1103(4); *Mich Pipe*, 292 Mich App at 487; see also *CD Barnes Associates, Inc v Star Heaven, LLC*, 300 Mich App 389, 427-428; 834 NW2d 878 (2013) (concluding that attorney fees not contemplated by the parties' contract could not be included as part of the construction lien).

---

[1] The Legislature amended MCL 570.1104 in December 2018. See 2018 PA 367. Because the underlying proceedings in this case preceded that amendment, we cite to the prior version of the statute. See 2010 PA 147.

-4-

The arbitrator approved a construction lien well in excess of the amount authorized by statute. Specifically, the arbitrator approved a lien for $782,469.05, which is $641,386.05 greater than the unpaid balance under the contract. TSP argues that it is entitled to lost-profit damages in excess of the unpaid balance, the arbitrator agreed, and as discussed earlier, we have no sound basis to question this part of the award. Yet, it is clear from the parties' arguments and the arbitrator's award that the lost profits were awarded as damages that reasonably flowed from National-Standard's breach of the contract, but were not, strictly speaking, part of the contract itself, i.e., the lost profits were awarded as consequential damages. The construction lien act is clear that a lien authorized by the act cannot exceed the unpaid amount of the contract itself, and this unpaid amount does not include consequential damages.

The arbitrator's approval of the construction lien in excess of the unpaid amount was an error of law. Correction of the error would reduce the value of the lien by over $500,000, and compared to the original contract and the arbitrator's total award, this correction would be a substantial one. Thus, because the arbitration award contains an error of law that, if corrected, would substantially change the award, judicial interference with the award is justified. See *DAIIE*, 416 Mich at 444-445. While we would ordinarily not act before the trial court entered a final order, here the final order would be one foreclosing on the lien. See MCL 570.1121. It is appropriate for this Court to correct the error now, before such an order is entered, to ensure the correct legal result before enforcement of the lien.

As a final, corollary argument, National-Standard asks this Court to amend the arbitrator's award of attorney fees to reflect the correction of the construction lien. We reject the request because National-Standard made it in a cursory manner, *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 178; 568 NW2d 365 (1997), without showing clear error on the face of the fee award, *DAIIE*, 416 Mich at 444-445, and any review would require us to delve into the arbitrator's mental process, which we cannot do, *Hope-Jackson*, 311 Mich App at 614.

## III.  CONCLUSION

Michigan's construction lien act authorizes a lien up to the unpaid balance of the amount contracted. A lien that includes an amount for consequential damages flowing from, but otherwise outside of the four corners of the contract, exceeds the authorized amount of the act. In resolving the parties' dispute, the arbitrator made this error of law, and given the materiality and scope of the error, we conclude that the award must be vacated to the extent that the construction lien exceeded the unpaid amount under the contract. Accordingly, we reverse the trial court in part and order relief consistent with this opinion; in all other respects, we affirm.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly