*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEREDITH LEWIS,

        Plaintiff-Appellee,

and

MICHAEL LEWIS,

        Plaintiff,

v

IDS PROPERTY CASUALTY INSURANCE
COMPANY, also known as AMERIPRISE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 351108
Wayne Circuit Court
LC No. 17-008298-NI

Before: O'BRIEN, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order confirming an arbitration award in favor of plaintiff, Meredith Lewis.[1] We affirm.

I. FACTUAL BACKGROUND

---

[1] Michael Lewis is not a party to this appeal. The term "plaintiff" will therefore refer only to Meredith Lewis.

On June 5, 2017, plaintiff sued defendant for first-party no-fault personal injury protection benefits (PIP) and uninsured motorist benefits (UM) concerning an automobile accident they were involved in the year before. The parties engaged in facilitation on December 12, 2018, at which they agreed to arbitrate plaintiff's claims. Arbitration took place on December 17, 2018, and on the same date the arbitrator e-mailed the parties a proposed award totaling $50,000 ($15,000 in UM benefits and $35,000 in PIP benefits). After both parties assented to the proposed award, the arbitrator submitted the final award.

Thereafter, plaintiff mistakenly signed and returned to defendant a release stating that the total amount awarded was $40,000. Defendant thereafter sent plaintiff two settlement checks totaling $40,000. Plaintiff refused to sign them based on alleged error. On June 1, 2019, plaintiff moved the trial court to confirm and enforce the arbitration award of $50,000. Before the matter was resolved in the trial court, however, defendant reached out to the arbitrator for clarification and she sent a photograph of her notes to both parties on July 29, 2019.[2] At the August 28, 2019 hearing on plaintiff's motion to confirm the arbitration award, the trial court granted plaintiff's motion. The court entered an order confirming the arbitration award of $50,000 for plaintiff on September 4, 2019.

It appears that on the same date as the motion hearing, but after it had concluded and the trial court had ruled, the arbitrator e-mailed the parties and expressed that her notes reflected a total award of $40,000 and that she believed she had made "a mistake on the PIP side." On September 9, 2019, defendant moved the trial court to reconsider its decision, providing the trial court with the arbitrator's notes and e-mail. The trial court denied defendant's motion and this appeal followed.

## II. ARBITRATION AWARD

Defendant argues that we should reverse the trial court's grant of plaintiff's motion to confirm and enforce the arbitration award because there is no basis for enforcing a $50,000 arbitration award. We disagree.

## A. STANDARD OF REVIEW

We review a trial court's ruling on a motion to enforce, vacate, or modify an arbitration award de novo. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009), citing *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003). This standard of review requires this Court to review the legal issues at hand without deferring to the trial court. *Washington*, 283 Mich App at 671, citing *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714 n 33; 624 NW2d 443 (2000). Legal questions are also reviewed de novo. *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006).

## B. LAW & ANALYSIS

---

[2] Neither party filed the notes with the trial court at that time.

Judicial review is very limited with respect to an arbitration award. *Washington*, 283 Mich App at 671. Specifically, we do not review an arbitrator's factual determinations or mental impressions. *DAIIE v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982). Instead, we focus on whether the arbitrator committed legal error. *Id*. at 443; *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554-555; 682 NW2d 542 (2004).

To determine whether the arbitrator committed a legal error, we must look at the face of the award itself. *Washington*, 283 Mich App at 672, citing *DAIIE*, 416 Mich at 428-429. To vacate an arbitration award, the error of law must be so clearly visible on the face of the award that, but for the error, a substantially different award must have been made. *DAIIE*, 416 Mich at 443. If the arbitrator's alleged error is just as likely to be attributable to a fact-finding mistake as a legal mistake, the award should be upheld. *Id*. at 429.

MCR 3.602 provides three options when an arbitration award is challenged: (1) confirm the award, (2) vacate the award if obtained through fraud, duress, partiality by the arbitrator, the arbitrator's exceeding of his or her power, or other undue means, or (3) modify the award or correct any errors that are observable on the face of the award. MCR 3.602(J) and (K). A request to modify an arbitration award must be made by motion within 91 days of the arbitration award. MCR 3.602(K)(2).

Defendant argues the trial court had no basis for enforcing the $50,000 arbitration award and asserts that the arbitrator erred in not upholding the $40,000 settlement. However, no evidence suggests that the arbitrator committed a legal error, visible on the face of the award, the absence of which would have led to a "substantially different award." *DAIIE*, 416 Mich at 443. Both parties agreed to arbitration, both parties accepted the $50,000 proposed arbitration award in writing, and neither party objected when the final award was entered. Whether defendant's acceptance of the proposed arbitration award was erroneous or not is irrelevant to our analysis of the legal validity of the arbitrator's actions.

Defendant's reliance on plaintiff's signing of the release (which set forth a $40,000 award) is also misplaced because that fact is immaterial to our limited review of whether the arbitrator committed legal error. In sum, there is no evidence on the face of the arbitration award suggesting that the arbitrator committed a legal error. Therefore, there is no basis for defendant's claim that the trial court wrongfully enforced the arbitration award.

Defendant nevertheless asserts that the arbitrator's notes and August 28, 2019 e-mail require that the trial court's confirmation of the arbitration award be reversed. We disagree, for several reasons.

First, neither the arbitrator's notes nor the arbitrator's August 28, 2019 e-mail are on the face of the arbitration award, the document to which our review is limited. *Washington*, 283 Mich App at 672. They were obtained by defendant through an e-mail exchange that occurred after the parties had exchanged motions and during the series of hearings conducted by the trial court on the issue of confirmation of the arbitration award. While the parties referenced the notes during the second and third motion hearings, the notes were never filed with the trial court. The arbitration award does not contain these notes, nor does it suggest that the arbitrator made a legal error in determining the award, which is the scope of our review. *Saveski*, 261 Mich App at 555.

The August 28, 2019 e-mail was also never filed with the trial court before it entered the order confirming and enforcing the award, nor was it discussed in any of the motion hearings. It was first presented to the trial court in defendant's September 6, 2019 motion for reconsideration. A trial court generally has discretion on a motion for reconsideration to decline to consider new evidence that could have been presented when the motion was initially decided. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). While it is not clear to this Court why the email was sent to the parties only after the trial court made its ruling on August 28, 2019, what is clear is that plaintiff's motion to confirm the award was filed on June 21, 2019, and defendant was well aware of the parties' respective positions concerning the award as of at least February 2019, when the parties exchanged emails detailing each's position. Defendant had more than sufficient time prior to August 2019 to seek further guidance and/or clarification from the arbitrator. The trial court was thus within its discretion to decline to consider the e-mail, and we limit our review to the record before the trial court when it made its decision.

Second, defendant did not file a motion to amend or correct the arbitration award. Defendant therefore failed to fulfill the requirement of MCR 3.602 that a request to modify an arbitration award must be made by motion within 91 days of the arbitration award. MCR 3.602(K)(2). Defendant maintains that it effectively requested the correction of the arbitrator's mistake in its response to plaintiff's motion, but MCR 3.602 is clear: there must be a motion filed, and it must be filed within 91 days of the arbitration award. Defendant failed to do so.

Third, even if defendant is correct that the arbitrator's notes and e-mail establish a legal error, we will not review those documents because our review is limited to legal errors established on the face of the award. *DAIIE*, 416 Mich at 443. The arbitrator previously confirmed that the numbers in the arbitration award were correct. The subsequently produced notes and e-mail do not automatically suggest that the earlier confirmation was legally erroneous. Where the "arbitrator's alleged error is just as likely to be attributable to a fact-finding mistake as a legal mistake, the award should be upheld." *DAIIE*, 416 Mich at 429. Additionally, the e-mail from the arbitrator on which defendant relies contains only the arbitrator's opinion as to what happened: "I believe I did make a mistake on the PIP side, not the UM." The truth of the arbitrator's belief or mental impression is not for us to review. *DAIIE*, 416 Mich at 429.

Defendant also argues that plaintiff misled the trial court to secure additional monetary gain; defendant provides no factual or legal support for this claim. A party cannot simply "announce a position . . . then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Because defendant has failed to cite any caselaw or provide any factual support for its contention that plaintiff intentionally misled the trial court, it has abandoned this issue and we need not consider it.

In its reply brief, defendant argues that because plaintiff failed to address the numerical details of the arbitrator's notes and failed to cite any caselaw in her brief on appeal, plaintiff has abandoned her argument on appeal. Plaintiff's argument, while brief and without case citations, contains a counterstatement of facts that provides the basis for additional claims and puts forth adequate support for plaintiff's responses to defendant's brief. Additionally, in Michigan, it is the

-4-

appellant who bears the burden of providing a record supporting its claim for reversal, not the appellee.  See, e.g. *Reed v Reed*, 265 Mich App 131, 161; 693 NW2d 825 (2005).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher