*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORTMAN COMMERCIAL REAL ESTATE, LLC, and ROBERT ORTMAN,

Plaintiffs-Appellees,

v

JC CONSTRUCTION COMPANY, INC, and JASON R. COFFELL,

Defendants-Appellants.

UNPUBLISHED
September 14, 2023

No. 362566
Oceana Circuit Court
LC No. 21-14892-CK

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiffs contracted with defendants to rebuild their cottage. Dissatisfied with the work done, plaintiffs filed suit alleging various claims based upon breach of contract. The parties stipulated that "this matter" would be submitted to arbitration and that the "Arbitrator's ruling/awards shall be final and finding upon the parties." (12/13/2021 Stipulation and Order.) The arbitration was conducted, resulting in an award in favor plaintiffs. The trial court entered its order enforcing the arbitration award in the amount of $38,888.44.[1] Defendants now appeal and we affirm.

Defendants first argue that the trial court erred by failing to vacate the arbitration award because the arbitrator awarded damages on a matter not submitted for arbitration. We disagree. Defendants argue that the only matter submitted to arbitration was "this matter," meaning the lawsuit filed in circuit court. They further argue that, because the original complaint did not seek

---

[1] The arbitrator also ruled that defendants could keep the $63,885 that plaintiffs had already paid defendants. (Arbitration Award, p3.)

consequential damages, the arbitrator did not have the authority to award consequential damages for lost rent, which makes up part of the arbitration award.[2]

As explained in *TSP Services, Inc v National-Standard, LLC,* 329 Mich App 615, 619-620; 944 NW2d 148 (2019), there is limited judicial review of arbitration awards:

> In general, courts have a limited role in reviewing arbitration awards. This Court reviews de novo a circuit court's decision whether to vacate an arbitration award. *Hope-Jackson v Washington*, 311 Mich App 602, 613; 877 NW2d 736 (2015). "A court may not review an arbitrator's factual findings or decision on the merits." *Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Instead, a court may only review an arbitrator's decision for errors of law. *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 443; 331 NW2d 418 (1982) (*DAIIE*); *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554-555; 682 NW2d 542 (2004).

> Not every error of law by an arbitrator, however, merits subsequent court intervention.

> > "[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside." [*DAIIE*, 416 Mich at 443, quoting *Howe v Patrons' Mut Fire Ins Co of Mich Ltd*, 216 Mich 560, 570; 185 NW 864 (1921).]

> Moreover, in determining whether there is legal error, the court cannot engage in a review of an arbitrator's mental process, *Hope-Jackson*, 311 Mich App at 614, but instead must review "the face of the award itself," *Washington v Washington*, 283 Mich App. 667, 672, 770 NW2d 908 (2009).

*TSP Services* is particularly relevant to this case as it too involved an issue of the award of consequential damages:

> National-Standard challenges both the arbitrator's award of consequential damages and the construction lien securing those damages. Considering the first challenge, there is no basis to disturb the award of consequential damages. Generally speaking, a party asserting a breach of contract may recover damages that are "the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol*, 256 Mich App. 505, 512; 667 NW2d 379 (2003). The arbitrator

---

[2] The arbitrator awarded two-thirds of the ten-week total of full rentals for the summer 2021 season, representing $21,312 of the total award. The remainder of the award was attributed to plaintiffs' claim for defective workmanship. (Arbitration Award, p3.)

here recognized that both parties were aware that TSP intended to recover the steel from the demolition site and sell that steel for a profit. The arbitrator concluded that National-Standard had breached the contract, causing TSP to be unable to recover and sell the steel. The arbitrator further concluded that TSP potentially lost profits from the sale of the steel, and the lost profits could reasonably be considered a result of National-Standard's breach. [*TSP Services*, 329 Mich App at 620-621.]

Accordingly, regardless of whether the original complaint explicitly requested an award for consequential damages, because consequential damages are an element of damages in a claim for breach of contract, that issue was before the arbitrator. In short, a breach of contract claim was submitted to the arbitrator and the arbitrator awarded damages for a breach of contract.

Defendants also argue that the trial court should have vacated the arbitration award because the award shows evidence of partiality by the arbitrator, corruption by the arbitrator, or misconduct prejudicing defendants' rights. Defendants' support for this argument generally falls into these categories: ignoring evidence (such as plaintiffs' admitted breach of contract),[3] the arbitrator stating that it was not considering credibility,[4] and a variation on the argument regarding consequential damages. Defendants present no actual evidence of partiality, bias or other misconduct. Rather, they base their claims on a differing interpretation of the evidence presented to the arbitrator.[5] In sum, defendants wish to relitigate this case in order to have the arbitration award vacated because they do not agree with it.[6]

But, as pointed out in *TSP Services*, a court does not review an arbitrator's factual findings or the decision on the merits. *Id.* 329 Mich App at 620. Nor does a court review the arbitrator's mental process. *Id.* Defendants rely only on their disagreement with the arbitrator's factual findings, the evidence the arbitrator found relevant to his decision, and the arbitrator's ultimate decision. None of these points are relevant to a court's determination whether to enforce or vacate

---

[3] Defendants assert that plaintiffs breached the contract by failing to make the required progress payments under the contract in a timely manner. But defendants did not sue plaintiffs for a breach of contract; accordingly, any such issue was not before the arbitrator.

[4] In his decision, the arbitrator stated that none of the parties "were particularly forthcoming in a number of aspects of their testimony" and that the arbitrator was "left with significant contradictions in testimony." But the arbitrator concluded that "because this is a Breach of Contract case based on the Four Corners of the Contractor Agreement, I don't reach having [sic] to decide on which version of the sworn testimony is accurate." (Arbitration Award, p2.)

[5] And, of course, there is no record of the arbitration proceedings to be reviewed. The only "evidence" is the defendants claims in their brief (and defendants counsel's statements at the oral argument in the trial court. See e.g., 7/25/22 Hearing Tr. p 16.) regarding what happened at the arbitration.

[6] Indeed, defendants set forth a lengthy recitation of their version of the facts giving rise to this dispute, as they also did in the trial court. But the merits of the underlying claim, including the facts giving rise to it, are not relevant to the resolution of this case.

an arbitration award.  Simply put, defendants agreed to submit this matter to binding arbitration and to accept the result. We find no basis to disturb the arbitration award.

Affirmed.  Plaintiffs may tax costs.


/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney