EHRESMAN v BULTYNCK & COMPANY, PC

Docket No. 140452. Submitted November 9, 1993, at Lansing. Decided January 19, 1994, at 9:30 A.M.

Donald L. Ehresman brought an action in the Oakland Circuit Court, seeking an order enjoining Bultynck & Company, P.C., from proceeding with its demand for arbitration by the American Arbitration Association of claims arising out of certain provisions in stock redemption and employment agreements that allegedly were breached when Ehresman and Steven Nickol left their employment with the defendant and started a competing accounting firm. Ehresman alleged that he was not subject to arbitration because he had not signed the agreements and thus was not bound by the arbitration provisions contained in the agreements. The court, Steven N. Andrews, J., refused to enjoin the arbitration proceedings. The arbitration proceedings against Ehresman and Nickol resulted in a determination that Ehresman was bound by the agreements, that Ehresman and Nickol had breached the respective covenants not to compete by starting their new firm and taking with them some of the defendant's clients, that they were liable to the defendant for damages, and that their liability was joint and several. Ehresman then moved in the circuit court for reconsideration of the question whether he was subject to arbitration. The defendant moved to add Nickol as a party plaintiff, for clarification of the arbitration award, and for judgment giving effect to the arbitration award. Ehresman and Nickol moved to amend the provision of the arbitration award making them jointly liable for any damages. The court denied the motions for reconsideration, clarification, and amendment, but entered judgment giving effect to the arbitration award. Ehresman and Nickol appealed.

The Court of Appeals held:

1. Although MCL 600.5001(1); MSA 27A.5001(1) provides that persons may by an instrument in writing agree to submit a matter to arbitration, the statute does not require that the

REFERENCES
Am Jur 2d, Arbitration and Award §§ 13, 124.
See ALR Index under Arbitration and Award.

instrument in writing be signed. Because it is clear that both Ehresman and the defendant intended to be bound by the stock redemption and employment agreements that contained the arbitration provisions and acted in accordance with those agreements despite the failure of Ehresman to sign and return them, the arbitration panel and the court properly concluded that Ehresman was bound by the arbitration provisions.

2. An arbitration panel, in the absence of a provision in the arbitration agreement limiting the panel's authority, may impose joint and several liability where multiple parties are involved in the arbitration. The imposition of joint and several liability in this matter was within the panel's authority, and the trial court did not err in refusing to amend the panel's award of joint liability.

Affirmed.

1. ARBITRATION — ARBITRATION AGREEMENTS — INSTRUMENTS IN WRITING — SIGNED WRITINGS.

An agreement to arbitrate must be in writing but it need not be signed if it is clear that the parties intended to be bound by the agreement (MCL 600.5001[1]; MSA 27A.5001[1]).

2. ARBITRATION — ARBITRATION AWARDS — JOINT LIABILITY.

An arbitration panel, in the absence of a provision in the arbitration agreement limiting the panel's authority, may impose joint liability where there are multiple parties subject to an award.

*Cox & Hodgman* (by *Berry L. King*), for the plaintiffs.

*Condit, McGarry & Schloff, P.C.* (by *Alexander B. McGarry*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and HOOD and T. R. THOMAS,* JJ.

PER CURIAM. Plaintiffs, Donald Ehresman and Steven Nickol, appeal as of right from a circuit court order granting defendant's request for judgment on an arbitration award. Plaintiff Nickol appeals the order only insofar as it implements that portion of the arbitration decision that holds

---

* Circuit judge, sitting on the Court of Appeals by assignment.

each plaintiff jointly and severally liable, whereas plaintiff Ehresman raises not only that issue, but also the issue whether he was bound by the arbitration clauses contained in the various agreements between the parties.

Plaintiffs were employed as public accountants by defendant Bultynck & Company, P.C. Each purchased stock in Bultynck and became a principal in the firm. As a condition of becoming a shareholder, defendant required that each plaintiff agree to three contracts: an employment agreement, a stock redemption agreement, and a deferred compensation plan agreement. The stock redemption and employment agreements required arbitration of any disputes arising under their terms. Moreover, the stock redemption agreement also included a covenant not to compete. Nickol signed the agreements and does not challenge the arbitration clauses. Ehresman did not sign the agreements and urges that, ipso facto, they have no binding effect on him.

In November of 1989, plaintiffs resigned from their positions with defendant Bultynck, taking a number of defendant's clients with them. As a result of the breach of the terms of the stock redemption agreement, defendant filed a demand for arbitration with the American Arbitration Association. Subsequently, Ehresman asked the circuit court to enjoin the scheduled arbitration hearings. The court refused to do so. Thereafter, the arbitrators found that the three agreements, including the covenant not to compete contained in the stock redemption agreement, were valid with respect to each plaintiff, awarded defendant damages, and held that plaintiffs were jointly and severally liable for those damages. The trial court then entered judgment on the arbitration award pursuant to MCR 3.602(L).

Plaintiff Ehresman argues that the arbitration provisions in the stock redemption and employment agreements were not binding because he never signed either of the contracts. Therefore, plaintiff argues, the trial court erred in enforcing the arbitration award against him. We disagree.

The trial court found that Ehresman had taken "all three documents and agreed to sign them. It appears he only discovered he had not signed them in 1990, when preparing for a deposition. He and defendant then operated under the terms of the employment contract until late 1989, when plaintiff left the firm." The court also found that Ehresman had "not denied that he intended to be bound by the contracts, and it is clear from the evidence presented that he and defendant did intend to be bound by them, such intent being unequivocally manifested by their conduct both during their professional association and afterward." Plaintiff Ehresman does not challenge these findings of fact, rather he argues that the statutory provision requiring that the arbitration agreement be in writing is not met unless the party resisting arbitration has signed the agreement.

Michigan law provides that a person may agree to submit a dispute to arbitration:

> All persons, except infants and persons of unsound mind, may, by an *instrument in writing,* submit to the decision of 1 or more arbitrators, any controversy existing between them, which might be the subject of civil action, except as herein otherwise provided, and may, in such submission, agree that a judgment of any circuit court shall be rendered upon the award made pursuant to such submission. [MCL 600.5001(1); MSA 27A.5001(1); emphasis supplied.]

Arbitration is a matter of contract, and a party

cannot be forced to submit to arbitration in the absence of an agreement to do so. *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 99; 323 NW2d 1 (1982). The existence of a contract to arbitrate and its enforceability is a judicial question. *Id.* at 98; *Huntington Woods v Ajax Paving Industries (After Remand),* 196 Mich App 71, 74; 492 NW2d 463 (1992).

Although MCL 600.5001(1); MSA 27A.5001(1) requires that an arbitration agreement be in writing, the statute contains no language specifically requiring that the written instrument be signed by either or both parties. Furthermore, this Court has previously held that where mutuality of assent is established, written arbitration agreements do not have to be signed in order for the agreement to be binding. See *Green v Gallucci,* 169 Mich App 533; 426 NW2d 693 (1988). Furthermore, we approve of the following principles set forth in 17 CJS, Contracts, § 62, pp 731-733:

> [S]ignature is not always essential to the binding force of an agreement, and whether a writing constitutes a binding contract even though it is not signed or whether the signing of the instrument is a condition precedent to its becoming a binding contract usually depends on the intentions of the parties. The object of a signature is to show mutuality or assent, but these facts may be shown in other ways . . . .
>
> In the absence of a statute or arbitrary rule to the contrary, an agreement need not be signed, provided it is accepted and acted on, or is delivered and acted on.

Plaintiff does not deny that he accepted the delivery of the agreements and operated under their terms by, for example, enjoying a leased automobile, an American Express credit card, re-

imbursement for expenses, and payment of compensation. Plaintiff's conduct clearly conveyed assent to the written contracts in this case. Under the circumstances, we believe plaintiff Ehresman acceded to the terms of the agreements by his conduct. Therefore, he is bound by the arbitration terms contained in those agreements, and the trial court correctly enforced the arbitration award.

Plaintiffs also claim that there was no basis on which the arbitration panel could find that each plaintiff was jointly and severally liable and that, therefore, the trial court should have corrected this portion of the award before entering judgment on it. Plaintiffs do not contend that there has been an evident miscalculation of figures or that the award is imperfect in form, rather they claim that there was no basis on which the arbitration panel could find that each plaintiff was jointly liable for the other. The arbitration panel's general remedial authority is limited to the contractual agreement of the parties. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 150-151; 393 NW2d 811 (1986). In this case, the arbitration clauses contained in the various agreements do not limit the panel to only certain kinds of damage awards. There is nothing in the arbitration clauses that prevents the panel from imposing joint and several liability on plaintiffs. Plaintiffs held themselves out as members of their own accounting firm, with the implication that each was a principal. The arbitrators were not required to trace each client's billings to each accountant's activities. It appears that the arbitration panel acted within its authority in this regard, and, therefore, the trial court did not err in enforcing the arbitrators' decision to impose joint and several liability on plaintiffs.

Affirmed.