NORDLUND & ASSOCIATES, INC v VILLAGE OF HESPERIA

Docket No. 289304. Submitted April 15, 2010, at Grand Rapids. Decided April 20, 2010, at 9:05 a.m.

Nordlund & Associates, Inc., brought an action in the Oceana Circuit Court against the village of Hesperia and the Newaygo County Drain Commissioner, alleging breach of contract in connection with two construction projects on which plaintiff had worked but had not been fully paid. Defendants counterclaimed that plaintiff was also liable for breach of contract because the contractor for which plaintiff worked had installed a water main before the necessary permits had been approved, causing the village to incur fines. The court, Terrence R. Thomas, J., entered a stipulation and order for arbitration pursuant to MCL 600.5001 *et seq*. The arbitrator awarded defendants approximately $4,400, which the court affirmed. Plaintiff appealed.

The Court of Appeals *held*:

1. The arbitrator did not exceed his powers under MCR 3.602(J)(2)(c) by deciding whether defendants were entitled to the damages they had sought in their counterclaim, despite the fact that this issue was not included in the parties' arbitration summaries, because the parties' arbitration agreement specifically provided that all issues raised in the pleadings must be submitted to arbitration.

2. The trial court properly refused to modify the arbitration award under MCR 3.602(K)(2)(a) because plaintiff's allegations of error related to the arbitrator's interpretation of the underlying contract, not to an evident mathematical miscalculation or mistaken description.

Affirmed.

ARBITRATION — STATUTORY ARBITRATION — MODIFICATION OF STATUTORY ARBITRATION AWARDS.

The court rule allowing judicial modification of statutory arbitration awards on the basis of an evident miscalculation of figures or an evident mistake in a description does not extend to allegations that the arbitrator misconstrued the underlying contract (MCR 3.602[K][2][a]).

*Reisinger Law Firm, PLLC* (by *Ralph M. Reisinger*), for Nordlund & Associates, Inc.

*Williams, Hughes & Cook, PLLC* (by *Douglas M. Hughes* and *Eric C. Grimm*), for the village of Hesperia.

Before: OWENS, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM. Plaintiff, Nordlund & Associates, Inc., appeals as of right the circuit court's order confirming an arbitration award and denying plaintiff's motion to vacate or modify the arbitration award. We affirm.

I. FACTS

On January 7, 2005, plaintiff filed a breach of contract action against the village of Hesperia.[1] Defendant filed a counterclaim alleging breach of contract and demanding indemnification.

On January 22, 2007, the circuit court entered a stipulation and order for arbitration pursuant to MCL 600.5001 *et seq.* The order provided that the parties would submit "all issues in this action which are subject to the jurisdiction of this court" to binding arbitration. Pursuant to the circuit court's order, the parties executed an arbitration agreement, which stated that "[a]ll theories/defenses and affirmative defenses raised in the pleadings of the parties during the course of these proceedings and associated damages, offsets, and failure to mitigate claims" would be submitted for arbitration.

Before this dispute, plaintiff acted as defendant's engineer for roughly 22 years. Two projects are relevant to this appeal: (1) the Sunset Boulevard/Family Dollar

---

[1] Because the village of Hesperia is the only defendant with an interest in this appeal, for purposes of this opinion the singular "defendant" will refer to it exclusively.

water main project and (2) improvements to the sewer system and wastewater treatment plant, known as "the SRF project" for its connection to the State Revolving Fund.

## A. SUNSET BOULEVARD/FAMILY DOLLAR PROJECT

Innovative Construction hired plaintiff to do work in relation to the opening of a Family Dollar store near Sunset Boulevard. In furtherance of this project, plaintiff filed an application on behalf of defendant, seeking authorization to extend a water main along Sunset Boulevard. Plaintiff billed defendant $600 for this work, but never received payment.

Plaintiff also prepared additional permit applications and gave them to defendant to submit to the proper authorities. These permits, which were subsequently denied, required approval by the Michigan Department of Environmental Quality (MDEQ) before the water main could be installed. However, Innovative Construction installed the water main before any permits were approved. As a result, the MDEQ fined defendant $12,140. Defendant sought reimbursement from plaintiff for that amount, charging that plaintiff was responsible for the premature installation.

## B. SRF PROJECT

On November 10, 2003, by written contract, defendant hired plaintiff to perform professional services. On August 5, 2004, defendant terminated the contract. The contract provided that it could be terminated without cause and that, upon termination, "[a]n equitable adjustment shall be made in the contract price." Defendant argued that because only 65 percent of plaintiff's work was salvageable by the engineering firm that

replaced plaintiff, the "equitable adjustment" should equal that percentage of the fees plaintiff earned, reduced by any payment already made. Defendant claimed that it had paid plaintiff $10,000. Plaintiff disagreed, claiming that it should be paid the full amount of $39,677.18. Plaintiff also disputed the $10,000 reduction, on the ground that defendant's $10,000 payment was for work performed on another, unrelated job, the Division Street Bridge project.

The parties submitted to the arbitrator an "arbitration summary," in which they fully briefed the issues to be decided. Following a hearing, the arbitrator issued an opinion setting forth the following findings: (1) plaintiff was entitled to $14,787.29 for the use of its plans and specifications on the SRF project, (2) defendant was entitled to $19,787.42 in compensation for plaintiff's breach of the SRF project contract (that amount being the difference between plaintiff's contract price and what defendant ultimately paid another party to complete the contract), (3) defendant failed to prove that it had paid plaintiff $10,000 on the SRF project, (4) defendant was not entitled to recover any damages attributable to the Sunset Boulevard/Family Dollar project, and (5) plaintiff was entitled to payment of its overdue $600 invoice relating to the Sunset Boulevard/Family Dollar project. After calculating all offsets, the arbitrator awarded defendant a total of approximately $4,400.

Plaintiff moved to vacate or modify the arbitration award, arguing that the arbitrator had "miscalculated" the award of damages, MCR 3.602(K)(2)(a), and exceeded his powers by deciding an issue that had not been submitted to arbitration, MCR 3.602(J)(2)(c). Specifically, plaintiff argued that the breach of contract claim, which the arbitrator found entitled defendant to

$19,787.42 in compensation, was never brought or argued at arbitration, and that the arbitrator's decision thus reached "beyond the boundaries of the submission" and should be vacated.

In response, defendant argued that there was no mathematical "miscalculation" as envisioned by MCR 3.602(K)(2)(a) and that the arbitrator did not exceed his powers because no express limit was placed on those powers under the arbitration agreement. The motion was heard on November 10, 2008, and the circuit court ruled from the bench as follows:

> I thought the arbitrator was quite thorough relative to the matter and the Court would not intervene and set aside. I agree that none of the statutory bases were clearly struck which would cause this Court to . . . intervene relative to the settlement and the Order and the findings of the arbitrator.
>
> For that reason, I deny your Motion.

The circuit court thereafter issued a written order confirming the arbitration award and denying plaintiff's motion.

## II. ANALYSIS

Plaintiff argues that the trial court erred by confirming the arbitration award because the arbitrator both exceeded his powers when he rendered a decision on an issue that had not been submitted to arbitration and "miscalculated" the award of damages. We disagree. A trial court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo. *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004).

If an agreement to arbitrate provides that judgment may be entered on the arbitration award, then it is considered a statutory arbitration. *Gordon Sel-Way, Inc*

*v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991). Here, the parties' arbitration agreement stated that a party could move to enforce the award and that the circuit court could enforce the arbitration award. Therefore, the agreement is for statutory arbitration.

MCR 3.602 governs judicial review and enforcement of statutory arbitration agreements. MCR 3.602(A). MCR 3.602(K) sets forth the reasons for which a trial court may correct or modify an arbitration award:

> (2) On motion of a party filed within 91 days after the date of the award, the court shall modify or correct the award if:
>
> (a) there is an evident miscalculation of figures or an evident mistake in the description of a person, a thing, or property referred to in the award;
>
> (b) the arbitrator has awarded on a matter not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the issues submitted; or
>
> (c) the award is imperfect in a matter of form, not affecting the merits of the controversy.

In addition, a trial court must vacate an arbitration award if a party has filed a motion requesting it and one of the following has occurred:

> (a) the award was procured by corruption, fraud, or other undue means;
>
> (b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;
>
> (c) the arbitrator exceeded his or her powers; or
>
> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights. [MCR 3.602(J)(2).]

Plaintiff first argues that the arbitrator exceeded his powers, MCR 3.602(J)(2)(c), when he rendered a decision on an issue that had not been submitted to arbitration. Specifically, plaintiff claims the arbitrator exceeded his powers in ruling that defendant was entitled to $19,787.42 in damages for plaintiff's breach of the contract for the SRF project.

The scope of an arbitrator's remedial authority is "limited to the contractual agreement of the parties." *Ehresman v Bultynck & Co, PC*, 203 Mich App 350, 355; 511 NW2d 724 (1994). Thus, "[a]rbitrators exceed their power when they 'act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.' " *Saveski*, 261 Mich App at 554, quoting *DAIIE v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982).

In this case, the parties' arbitration agreement provided that "[a]ll theories/defenses and affirmative defenses raised in the pleadings of the parties during the course of these proceedings and associated damages, offsets, and failure to mitigate claims" shall be submitted for arbitration. Defendant's amended counterclaim included the following allegations:

1. That a contract for professional services was signed between the parties to this action.

2. That Paragraph XV, entitled "Professional Standards," required Nordlund to perform contractual services at a competency level maintained by other participating professional engineers.

3. That Nordlund breached this contract in that contractual services were delivered at less than the competency level maintained by other professional engineers, as neither the design plan, nor the project plan were adequate, both of which had to be redone by other engineers.

4. That as a proximate result of the breach by Nordlund, the Village has been damaged in that they were forced to hire another engineer to complete the services required by the contract.

5. That Nordlund is liable to the Village for damages for their breach of the agreement.

It is clear from these allegations that defendant was seeking damages for breach of the SRF project contract. Thus, the arbitrator did not exceed his powers by concluding that defendant was entitled to $19,787.42 in compensation for plaintiff's breach of the SRF project. See *Saveski*, 261 Mich App at 554. The terms of the agreement limited the scope of arbitration to those issues raised in the pleadings, and defendant raised the issue of damages for breach of the SRF project contract in its pleadings. That this issue was not raised in the parties' subsequent arbitration summaries is irrelevant to whether the arbitrator exceeded his powers when rendering the award. Therefore, the arbitrator did not exceed his powers as set forth in the arbitration agreement, see *Ehresman*, 203 Mich App at 355; *Saveski*, 261 Mich App at 554, and the trial court therefore did not err by confirming the arbitration award and denying plaintiff's motion to vacate or modify it.

Plaintiff's final argument on appeal is that the arbitrator miscalculated the award of damages, asserting that the calculation was faulty because the arbitrator failed to grasp the clear and concise meaning of the contract. Plaintiff contends that this Court must review various valuations and contract interpretations made by the arbitrator by characterizing them as a miscalculation of the award. We disagree.

MCR 3.602(K)(2)(a) states that a court must modify an arbitration award if "there is an evident miscalculation of figures or an evident mistake in the description

of a person, a thing, or property referred to in the award." This Court has repeatedly emphasized that it must carefully evaluate claims of arbitrator error to ensure that they are not being used as a ruse to induce this Court to review the merits of the arbitrator's decision. *Gordon Sel-Way, Inc*, 438 Mich at 497; *Washington v Washington*, 283 Mich App 667, 675; 770 NW2d 908 (2009). MCR 3.602(K)(2)(a) allows for modification or correction of an award only when it is based on a mathematical miscalculation, such as where an arbitrator erred in adding a column of numbers, or an evident mistake in a description. Because plaintiff's alleged error concerns the interpretation of the underlying contract, and not descriptions or mathematical calculations, it cannot be said that there was an evident mistake for purposes of MCR 3.602(K)(2)(a). Therefore, the circuit court properly refused to modify the arbitration award on that basis.

Affirmed.