*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOMESTIC UNIFORM RENTAL,

      Plaintiff-Appellee,

v

BRONSON'S, BRONSON AUTO, BRONSON
AUTO CARE, INC., and BRONSON TIRE &
AUTO CENTER, INC.,

      Defendants-Appellants,

and

CHRIS GILLIAM,

      Defendant.

UNPUBLISHED
January 19, 2023

No. 359297
Oakland Circuit Court
LC No. 2021-188802-CZ

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

Defendants Bronson's, Bronson Auto, Bronson Auto Care, Inc. (Bronson AC), and Bronson Tire & Auto Care, Inc. (Bronson Tire) (collectively, "Bronson defendants"), appeal as of right a judgment and order confirming an arbitration award in favor of plaintiff and against Bronson's, Bronson Auto, and Bronson AC. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a July 2017 rental agreement between the parties for weekly delivery of certain supplies.  Relevant to this appeal, the agreement contained the following provisions:

2.  The term of this Agreement shall be for a period of ~~sixty~~ 36[1] months from this date, or the first delivery date, whichever is later.  This Agreement shall renew automatically for successive periods of sixty months.  During the last year of any term either party may cancel this automatic renewal provision by giving the other party written notice in accordance with the notice provision of Paragraph 21, at least six months prior to the expiration of the term.  In that event, at the expiration of the term, the Agreement shall continue in force on a month-to-month basis until terminated.

\* \* \*

14.  The parties agree that in the event of a breach of this agreement by the Customer, the Company shall be entitled to agreed liquidated damages in an amount equal to fifty percent (50%) of the gross anticipated receipts hereunder for the unexpired term of this agreement, or any extension thereof.  The parties agree that this 50% is equivalent to gross profit, consisting of fixed costs and net profit.  Gross anticipated receipts shall be calculated as the product of the number of weeks remaining under the contract from the date of breach to the expiration date times the greater of (a) the actual weekly billing amount at time of termination of service, or (b) the minimum delivery charge agreed to under this contract.

15.  In the event of any controversy or claim in excess of $10,000.00 arising out of or relating to this agreement, including but not limited to questions regarding the authority of the persons who have executed this agreement and enforcement of any guarantee that is related to this agreement, the question, controversy or dispute shall be submitted to and settled by arbitration to be held in the city closest to the city in which the branch office of the Company which serves the Customer is located.  Said arbitration shall be held in accordance with the then prevailing commercial arbitration rules of the American Arbitration Association except any rules which require the parties to use the American Arbitration Association as their sole Arbitration Administrator.  Judgment upon and [sic] award rendered by the Arbitrator may be entered in any court having jurisdiction thereof. . . .  The judge or arbitrator shall include as part of the award all costs including reasonable attorney fees and arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement. [Footnote added.]

Bronson defendants stopped accepting deliveries from plaintiff sometime after the initial 36-month term had expired without notice from either Bronson defendants or plaintiff regarding cancellation of the automatic renewal provision.  Plaintiff initiated arbitration proceedings on

---

[1] Paragraph 2 originally called for a 60-month term, but was modified by hand to a 36-month term.

November 11, 2020, seeking liquidated damages, replacement damages, monies for unpaid accounts and finance charges, litigation costs, and attorney fees. After an evidentiary hearing and briefing, the arbitrator determined that plaintiff was entitled to $17,638.80 in liquidated damages, $2,400 in litigation costs, and $8,575.23 in attorney fees. The arbitrator issued a written award for those amounts against Bronson's, Bronson Auto, Bronson AC, and defendant Chris Gilliam, but not Bronson Tire.

Plaintiff filed a complaint to obtain a judgment pursuant to the arbitration award and, shortly thereafter, moved for confirmation of the award. Although Bronson defendants opposed the motion arguing that the arbitrator made several legal errors and miscalculations, the circuit court opined that they were simply looking for a different result and had not identified a reviewable claim of error. The court confirmed the award and entered judgment against Bronson's, Bronson Auto, and Bronson AC. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision to enforce, vacate, or modify an arbitration award. *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003).

## III. UNCONSCIONABILITY

Bronson defendants first argue that the arbitration award should have been vacated because the arbitrator made errors of law by enforcing unconscionable contract terms and ignoring their arguments regarding that defense. We disagree.

Michigan courts have a limited role in the review of arbitration awards. *TSP Servs, Inc v Nat'l-Standard, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019). "Unless the trial court vacates an arbitration award, it must enter a judgment on the award as corrected, confirmed, or modified." *Tokar*, 258 Mich App at 354. The Uniform Arbitration Act, MCL 691.1681 *et seq*., specifies the circumstances in which a court may vacate an award, including when the arbitrator exceeded his or her authority. MCL 691.1703(1)(d). See also MCR 3.602(J)(2)(c) (directing the court to vacate an award if the arbitrator exceeded his or her powers). "Arbitrators exceed their powers whenever they act beyond the material terms of the contract from which they draw their authority or in contravention of controlling law." *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 165; 933 NW2d 385 (2019) (quotation marks and citation omitted). In determining whether an arbitrator exceeded their authority, courts may review the award for errors of law, but review of the arbitrator's factual findings or decision on the merits is not permitted. *TSP Servs*, 329 Mich App at 620. "Moreover, in determining whether there is legal error, the court cannot engage in a review of an arbitrator's mental process, but instead must review the face of the award itself." *Id*. (quotation marks and citations omitted). "Thus, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *Ann Arbor v American Federation of State, Co, & Muni Employees*, 284 Mich App 126, 144; 771 NW2d 843 (2009) (quotation marks and citations omitted).

Bronson defendants argue that the arbitrator erred by relying on *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), to ignore their argument that the contract was

unconscionable. We disagree with Bronson defendants' interpretation of the arbitrator's award. After quoting the *Rory* Court's observation that "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written," *id*. at 461, the arbitrator reiterated his earlier finding that the parties' contract governed their obligations. We do not read the arbitrator's award as simply "ignoring" the question of unconscionability. Although the arbitrator did not explicitly address unconscionability, his reasoning implied that he found Bronson defendants' defenses unpersuasive. Thus, unless the arbitrator's implicit rejection of Bronson defendants' unconscionability argument involved a legal error apparent on the face of the award, the circuit court was without authority to disturb the arbitrator's decision on unconscionability grounds. *TSP Servs*, 329 Mich App at 620.

MCL 440.2808(1) allows a court to afford a contracting party relief if it finds "a lease contract or any clause of a lease contract to have been unconscionable at the time it was made . . . ."[2] Before making that determination, "the court, on its own motion or that of a party, shall afford the parties a reasonable opportunity to present evidence as to the setting, purpose, and effect of the lease contract or clause thereof, or of the conduct." MCL 440.2808(3). As previously explained by this Court:

> In order for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present. Procedural unconscionability exists where the weaker party had no realistic alternative to acceptance of the term. If, under a fair appraisal of the circumstances, the weaker party was free to accept or reject the term, there was no procedural unconscionability. Substantive unconscionability exists where the challenged term is not substantively reasonable. However, a contract or contract provision is not invariably substantively unconscionable simply because it is foolish for one party and very advantageous to the other. Instead, a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience. [*Clark v DaimlerChrysler Corp*, 268 Mich App 138, 143-144; 706 NW2d 471 (2005) (citations omitted).]

The arbitration award does not contain any evidence regarding how the arbitrator applied the foregoing law to the facts of this case. If an error occurred with respect to the issue of unconscionability, it is equally plausible that the error arose from the arbitrator's factual findings as from his legal analysis. "In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are unreviewable." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982) (*DAIIE*). Nor is the absence of an analysis regarding unconscionability dispositive, as the arbitrator was not required to provide express findings of fact

---

[2] Upon a finding of unconscionability, "the court may refuse to enforce the lease contract, or it may enforce the remainder of the lease contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." MCL 440.2808(1).

-4-

or conclusions of law concerning the issues presented. *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 556; 682 NW2d 542 (2004) ("[A]n arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award, and a reviewing court should not use the lack of a clear record as an impediment to its confirmation of an arbitration award."). Any analysis at this juncture of whether the contract was unconscionable would effectively require evaluation of the arbitrator's thought processes and the merits of his decision, which is not permitted on appeal. *TSP Servs*, 329 Mich App at 620. Because there was no legal error on the face of the arbitration award with respect to the question of unconscionability, the circuit court did not err by confirming the arbitration award.

## IV.  LIQUIDATED-DAMAGES CLAUSE

Next, Bronson defendants argue that the arbitration award should have been vacated because the liquidated-damages clause represented an unenforceable penalty. We disagree.

"A contractual provision for liquidated damages is nothing more than an agreement by the parties fixing the amount of damages in the case of a breach of that contract." *Barclae v Zarb*, 300 Mich App 455, 485; 834 NW2d 100 (2013) (quotation marks and citation omitted). The validity of a liquidated-damages clause is a question of law. *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 508; 579 NW2d 411 (1998). "The courts are to sustain such provisions if the amount is reasonable with relation to the possible injury suffered and not unconscionable or excessive." *Id*. (quotation marks and citations omitted). "[T]he court must determine whether the predetermined figure is really in the nature of an attempted computation of the actual damages likely to result, or whether it has the effect of exacting a penalty from the contract breaker." *Nichols v Seaks*, 296 Mich 154, 161; 295 NW 596 (1941). A court evaluating a liquidated-damages clause should consider the conditions at the time the agreement was made, rather than when the breach occurs. *Barclae*, 300 Mich App at 485.

The arbitrator in this case determined that Paragraph 14 of the contract set forth a reasonable stipulation for liquidated damages by requiring damages "in an amount equal to fifty percent (50%) of the gross anticipated receipts hereunder for the unexpired term of this agreement," and by specifying the method for determining the gross anticipated receipts. The arbitrator recognized the controlling law, and the face of the arbitration award does not reflect a plainly recognizable legal error. As such, the arbitrator's award of liquidated damages is not a valid basis for disturbing the arbitration award. *DAIIE*, 416 Mich at 429; *TSP Servs*, 329 Mich App 620. The circuit court did not err by refusing to vacate the arbitration award for legal error.

## V.  CONTRACTUAL ATTORNEY FEES

Bronson defendants next challenge the arbitrator's award of attorney fees, reasoning that the fees were improperly awarded because there was no evidence establishing the reasonableness of the fees. We agree that the arbitration award reflects an error of law concerning the attorney fee award, but the circuit court did not err by confirming the award because Bronson defendants cannot demonstrate that a *substantially* different award would have been rendered but for the error.

Although litigants are responsible for their own attorney fees as a general rule, a contract provision calling for recovery of attorney fees is enforceable in the same manner as any other

contract term. *Pransky v Falcon Group, Inc*, 311 Mich App 164, 194; 874 NW2d 367 (2015). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory*, 473 Mich at 461. Fee-shifting provisions are generally considered valid, *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007), allowing the prevailing party to recover attorney fees as an element of general damages, *Pransky*, 311 Mich App at 194.

Bronson defendants correctly note that a party seeking contractual attorney fees "must introduce evidence of the reasonableness of the attorney fees to establish a prima facie case . . . ." *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 196; 555 NW2d 733 (1996). But to the extent Bronson defendants challenge the sufficiency of the evidence supporting the award of attorney fees, that question is beyond the purview of this Court's review. See *Fette v Peters Constr Co*, 310 Mich App 535, 544-545; 871 NW2d 877 (2015) (noting that an arbitration award cannot be vacated on the basis that it was against the great weight of evidence or unsupported by substantial evidence).

Concerning plaintiff's claim for costs and attorney fees, the arbitrator said:

> Paragraph 15 of the Agreement requires that both litigation costs and attorney's fees be included in any award made following an arbitration arising out of the Agreement. This Arbitrator finds that this clause neither violates law, nor that any traditional defenses to the enforceability of contract principles applies here. The clause is unambiguous and will be construed as written. [Plaintiff] is therefore entitled to its arbitration costs in the amount of $2,400.00 and attorney's fees of $8,575.23.

While we find no fault in the arbitrator's conclusion that the fee-shifting clause in Paragraph 15 was valid and enforceable, it is evident that the arbitrator's award of $8,575.23 in attorney fees was the product of legal error. In pertinent part, Paragraph 15 states that the arbitrator "shall include as part of the award all costs including *reasonable* attorney fees and arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement." (Emphasis added.) The arbitrator apparently awarded plaintiff all its requested fees without any consideration of whether the fees were reasonable, contrary to well-settled principles of construction requiring that effect be given to "every word, phrase, and clause while avoiding interpretations that would render any part of the document surplusage or nugatory." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 393; 964 NW2d 846 (2020) (quotation marks and citation omitted). Moreover, even if Paragraph 15 had not expressly authorized an award of "reasonable attorney fees," recovery of contractual attorney fees would still be limited to reasonable fees. See *Lakeside Retreats LLC v Camp No Counselors LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355779); slip op at 5 (noting that contractual provisions for attorney fees "are enforceable, but limited to only reasonable attorney fees").

Although this legal error is apparent on the face of the award, not all errors of law merit relief. *TSP Servs*, 329 Mich App at 620. Instead, "[t]he character or seriousness of an error of law which will invite judicial action to vacate an arbitration award . . . must be error so material or so

substantial as to have governed the award, and but for which the award would have been substantially otherwise." *DAIIE*, 416 Mich at 443. Here, the magnitude of the arbitrator's error is difficult to assess considering the fact-intensive nature of determining the reasonableness of attorney fees. See *Lakeside Retreats*, ___ Mich App at ___; slip op at 6 (describing the method for calculating reasonable fees).

Bronson defendants contend that the arbitrator intended to award attorney fees on a contingency basis, but erroneously calculated the amount by reference to plaintiff's requested damages, rather than the damages actually awarded. Accepting this theory, and assuming the arbitrator would have found a contingency fee was reasonable in this case, ⅓ of the damages award would be $5,878.60. The difference between that amount and the $8,575.23 awarded by the arbitrator—approximately $2,700—is less than 10% of the full award. While this sum is significant, we are not persuaded that a *substantially* different award would have been rendered but for the error. Moreover, it is equally plausible that the arbitrator might have determined the $8,575.23 he awarded was, in fact, reasonable, that a larger sum was warranted, or that no reasonable attorney fees had been established. Because Bronson defendants have not demonstrated that the arbitrator's error was "so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise," *DAIIE*, 416 Mich at 443, the circuit court did not err by confirming the arbitration award. See *id*. at 437 (observing that arbitration awards are favored, presumptions should be made "in favor of their fairness," and the party challenging the award bears the burden of proving entitlement to such relief by clear and strong evidence), quoting *Brush v Fisher*, 70 Mich 469, 473; 38 NW 446 (1888).

## VI. ALLEGED MATHEMATICAL MISCALCULATIONS

Lastly, Bronson defendants argue that the arbitration award contained two obvious mathematical errors that should have been corrected by the circuit court. We disagree.

Under MCL 691.1704(1)(a), a court "shall modify or correct" an arbitration award if it contains "an evident mathematical miscalculation." See also MCR 3.602(K)(2)(a) (calling for modification or correction of an award if "there is an evident miscalculation of figures"). While readily apparent miscalculations, "such as where an arbitrator erred in adding a column of numbers," should be corrected, we "must carefully evaluate claims of arbitrator error to ensure that they are not being used as a ruse to induce this Court to review the merits of the arbitrator's decision." *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 230; 792 NW2d 59 (2010).

Bronson defendants first argue that the arbitrator miscalculated plaintiff's liquidated damages. Paragraph 14 of the contract provided for liquidated damages in the amount of 50% of "gross anticipated receipts," which

> shall be calculated as the product of the number of weeks remaining under the contract from the date of breach to the expiration date times the greater of (a) the actual weekly billing amount at time of termination of service, or (b) the minimum delivery charge agreed to under this contract.

The arbitrator determined that 228 weeks remained on the contract at the time of the breach and awarded liquidated damages in the amount of $17,635.80. Bronson defendants maintain that the

arbitrator erred because the minimum delivery charge identified in the contract was $93.51, and liquidated damages should have been 50% of that figure, multiplied by the remaining weeks of the contract. By Bronson defendants' reasoning, the liquidated damages should have been $10,660.14.

Bronson defendants' position lacks merit because Paragraph 14 required liquidated damages to be measured by reference to gross anticipated receipts. It also provided that gross anticipated receipts should be calculated using the greater of two figures—the actual weekly billing amount at the time services were terminated or the minimum delivery charge established in the contract. There is nothing on the face of the award to suggest that the arbitrator found the minimum delivery charge to be the greater figure, and mathematical error is not evident in the absence of such a finding. To the extent the arbitrator found that the actual weekly billing amount exceeded the minimum delivery charge, it would yield a higher amount of liquidated damages than suggested by Bronson defendants. Because proper analysis of this claim of error would require this Court to engage in prohibited review of the arbitrator's factual findings, Bronson defendants have not established an evident mathematical miscalculation that required correction.

As noted earlier, Bronson defendants also argue that the arbitrator miscalculated the attorney fees by awarding ⅓ of the damages requested by plaintiff, rather than ⅓ of the damages the arbitrator actually granted. We disagree. Bronson defendants' position presumes that the attorney fee award represented a contingency fee, but that fact is not clearly apparent from the face of the award. We acknowledge that plaintiff's request for contract damages totaling $25,725.70 provides a reasonable basis for inferring that the $8,575.23 attorney fee request was calculated pursuant to a ⅓ contingency fee arrangement, but it is also possible that the proportional relationship of these figures was a mere coincidence. In the absence of any proof on the face of the award that the arbitrator intended to award a ⅓ contingency fee, we cannot conclude with certainty that the attorney fee award was miscalculated. Furthermore, as explained in Part V of this opinion, the error in the attorney fee award appears attributable to the fact that the arbitrator improperly awarded the full amount of attorney fees requested by plaintiff as a matter of right under Paragraph 15. By simply granting plaintiff the full amount of fees it requested solely because the contract allowed recovery of attorney fees, it seems that the arbitrator did not actually engage in *any* mathematical calculations concerning attorney fees. In other words, inasmuch as the error is the product of the arbitrator's failure to give effect to the word "reasonable" in Paragraph 15, it does not represent a mathematical miscalculation that can be corrected by a court. See *Nordlund*, 288 Mich App at 230. ("Because plaintiff's alleged error concerns the interpretation of the underlying contract, and not descriptions or mathematical calculations, it cannot be said that there was an evident mistake for purposes of MCR 3.602(K)(2)(a)."). The circuit court, therefore, did not err by confirming the arbitration award.

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett