*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA LYNN MCNAY,

        Plaintiff-Appellee,

UNPUBLISHED
March 2, 2023

v

No. 361186
Wayne Circuit Court
LC No. 20-109687-DM

JAMES MICHAEL MCNAY,

        Defendant-Appellant.

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff and defendant were married for 24 years before they entered a divorce action that culminated in a mediation, with an arbitrator, and a consent judgment of divorce. The arbitrator issued an opinion regarding the judgment of divorce, and defendant moved to modify a section of that judgment. The trial court denied defendant's motion. We affirm.

The trial court ordered the parties to submit to binding arbitration, which stated, in relevant part, "The following issues will be submitted to arbitration in lieu of a Court trial: Content and language disputes regarding the Judgment of Divorce[;] . . . [and a]ny issues inadvertently left unsolved by the attorneys and their clients at mediation." This process produced a proposed judgment of divorce, which included paragraph 8b that concerned plaintiff's reimbursement for the equity in the marital home:

> Defendant shall buy out Plaintiff's 50% interest in the property, for the net sum of $51,000.00, within 6 months of October 20, 2021. Defendant may refinance the home, or he may use his share of his Ford 401k in order to buy out Plaintiff's interest in the property and pay off the existing mortgage and home equity line of credit. If Defendant uses his share of the 401k funds to buy out Plaintiff's 50% interest in the property, he will need to liquidate enough money to pay Plaintiff the net sum of $51,000.

Defendant argued that this section misrepresented the obligation that he agreed to during mediation because he agreed to "rollover" $51,000 of his pretaxed money from his 401k benefits to satisfy plaintiff's interest in the marital home as opposed to buying out plaintiff's interest in a

"net sum." In support of his argument, defendant pointed to the mediation notes regarding the equalization of the parties' 401k benefits.

> The parties each have 401K benefits. In addition there is some custodial stock. All three of those accounts, the husband's 401K, the wife's 401K, and the custodial account will be equalized between the parties. However, as part of the formula to be used, the wife will receive a credit in the sum of $51,000.00 which represents how the husband is going to, quote on quote [sic], pay the wife her half of the equity in the marital home. That is a paper credit. An additional paper credit will be one half of the credit card debt that the wife is agreeing to take and pay and hold the husband harmless on.

The arbitrator issued an opinion that the language of paragraph 8b merely memorialized that defendant agreed to pay plaintiff $51,000 for her interest in the marital home, and defendant moved to modify or correct the arbitration award. He argued that it was beyond the arbitrator's authority to add the language of "net sum" into the proposed judgment of divorce. The trial court denied defendant's motion, stating that this dispute was within the arbitrator's authority and that the arbitrator made a decision in the mediation that was voluntarily entered into by both parties.

Defendant now appeals.

A trial court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo. *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010). Whether an arbitrator exceeded any authority is also reviewed de novo. *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005).

The scope of an arbitrator's remedial authority is limited to the contractual agreement of the parties. *Nordlund & Assoc, Inc*, 288 Mich App at 228. In this case, the arbitrator was granted the authority to decide both "[c]ontent and language disputes regarding the Judgment of Divorce[;] . . . [and a]ny issues inadvertently left unsolved by the attorneys and their clients at mediation."

Defendant argues that the mediation notes indicate that the payment to plaintiff, for her interest in the marital home, was going to be a "paper credit" that was considered alongside the equalization of their 401k benefits. The mediation notes, however, demonstrate that the parties were considering other financial matters that did not concern the equalization of the parties 401k benefits in that same paragraph; namely their custodial account and the credit card debt. Additionally, there is nothing within the mediation notes that demonstrates that defendant was obligated to pay plaintiff for the interest in the marital home through his 401k benefits, and the plain language of the judgment of divorce only states that the $51,000 paid to plaintiff would be accounted for in the formula used to equalize the parties' 401k benefits. The ambiguity surrounding how defendant was supposed to pay plaintiff for her interest in the marital home was squarely within the arbitrator's authority because the arbitrator had the authority to resolve the content and language of disputes in the judgment of divorce, as well as other issues that had not yet been resolved.

Therefore, the trial court did not err when it denied defendant's motion to modify the arbitration award.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle