*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DART BANK,

Plaintiff-Appellee,

v

POLLICELLA PLLC,

Defendant-Appellant.

UNPUBLISHED
August 13, 2025
10:57 AM

No. 368841
Ingham Circuit Court
LC No. 23-000495-CB

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

Defendant, Pollicella PLLC, was the victim of an advance-fee scam. The money it lost came out of its account with plaintiff Dart Bank. When defendant's account balance became negative, plaintiff invoked the mediation and arbitration provisions of the agreement governing the account. The arbitrator ruled in favor of plaintiff, and the trial court confirmed the award. We affirm.

## I. BACKGROUND

Defendant is a law firm, and a significant portion of its clients are marijuana businesses. When defendant opened an account with plaintiff, the parties executed a marijuana-related business (MRB) addendum, which included a provision that required arbitration for disputes arising out of the agreement.

In 2021, defendant was contacted by a person posing as a client who wanted defendant to broker a sale of heavy machinery. Acting in accordance with its correspondence with this supposed client, defendant deposited several Canadian checks into its account with plaintiff and then wired funds to a New York bank account, which in turn sent the money to an entity in Lagos, Nigeria. Defendant wired approximately $650,000 in total before the first check was rejected as fraudulent. Once the checks were rejected, and accounting for the outgoing wire transfers, defendant's account had a deficit of $372,859.19.

The parties attempted mediation, but it was unsuccessful. They then entered binding arbitration as required by the MRB addendum. The arbitrator awarded $372,859.19 to plaintiff—

-1-

in effect, holding defendant responsible for the entire loss. When defendant did not pay the award, plaintiff brought an action in the trial court for a judgment against defendant in the amount of the arbitrator's award as well as attorney's fees, expert witness costs, and other costs incurred. Plaintiff moved to modify the arbitrator's award, confirm the award as modified, and enter a corresponding judgment. Defendant moved to vacate the award. The trial court granted plaintiff's motions and denied defendant's motion. This appeal followed.

## II. ANALYSIS

"We review de novo a trial court's decision to enforce, vacate, or modify a statutory arbitration award." *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003). However, "[a] court may not review an arbitrator's factual findings or decision on the merits." *Police Officers Ass'n of Mich v Manistee Co*, 250 Mich App 339, 343; 645 NW2d 713 (2002) (citation omitted). "Instead, a court may only review an arbitrator's decision for errors of law." *TSP Servs, Inc v Nat'l-Standard, LLC*, 329 Mich App 615, 620; 944 NW2d 148 (2019). As a result, notwithstanding our de novo review of the trial court's decision, "[a] court's power to modify, correct, or vacate an arbitration award . . . is very limited." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991).

Defendant raises two arguments, but both rest on the premise that plaintiff had an obligation to protect defendant from its own mistakes and that the arbitrator erred in failing to recognize that obligation. Defendant's arguments have no merit.

## A. ARBITRATOR'S AUTHORITY

Defendant first argues that the arbitrator exceeded his authority by failing to address the MRB addendum. "The scope of an arbitrator's remedial authority is limited to the contractual agreement of the parties." *Nordlund & Assoc Inc v Hesperia*, 288 Mich App 222, 228; 792 NW2d 59 (2010) (quotation marks and citation omitted). "Arbitrators exceed their power when they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Id*. (cleaned up). This Court therefore "must apply the same legal principles that govern contract interpretation to the interpretation of an arbitration agreement." *Beck v Park West Galleries, Inc*, 499 Mich 40, 45; 878 NW2d 804 (2016).

> Our primary task in construing a contract is to give effect to the parties' intentions at the time they entered into the contract, which requires an examination of the language of the contract according to its plain and ordinary meaning. We must interpret and enforce clear and unambiguous language as it is written. [*Id*. at 45-46 (footnotes omitted).]

The MRB addendum provided for nonjudicial resolution of disputes. It said that "[i]f a dispute arises from or relates to the Agreement, this Addendum, and/or the alleged breach thereof, or arises in any way out of the relationship between the parties subject to the Agreement or this Addendum," the parties would attempt to mediate it. "Any dispute arising from or relating to the Agreement or this Addendum or the alleged breach thereof that cannot be resolved by mediation" was then to "be resolved by arbitration." Defendant argues that the arbitrator exceeded his authority because he failed to enforce the following provisions of the MRB addendum:

5. Electronic Funds Transfers.

Electronic Funds Transfers (EFTs) from your account are subject to the following requirements:

a. You will be permitted to initiate only domestic wire transfer(s) and ACH transactions from your account.

b. The recipient of any EFT must be vetted prior to approval of any and all wire transfer and ACH transactions . . . .

6. Transfer Limitations.

Your account is subject to the following requirements/limitations:

a. Transfers over $100,000.00 must be approved by your Dart Bank Account Manager.

* * *

9. Prohibited Items.

The following Items/transactions are prohibited for your account:

a. Foreign Checks

b. Purchases of Money Orders and Cashier's Checks

c. International Wire Transfers

d. Person-to-Person payments

e. Credit Cards or Debit Cards

f. Loans

Defendant asserts that under this language, plaintiff had a duty not to accept foreign checks or process international wire transfers and that plaintiff exceeded the transaction limit when it transferred more than $100,000.

Defendant misconstrues the arbitrator's authority. According to the agreement, the parties were to mediate any dispute that "arises in any way out of the relationship between the parties subject to the Agreement or this Addendum," with the arbitrator resolving disputes that could not be successfully mediated. This dispute arose out of defendant's negative account balance, which was inarguably a function of "the relationship between the parties subject to the Agreement or this Addendum." The parties were unable to resolve the dispute in mediation; therefore, by the plain language of the contract, the arbitrator had the authority to adjudicate this dispute. Defendant's arguments are misplaced because, given the plain language of the agreement, the arbitrator had the authority to adjudicate the disputes. And while defendant maintains that the arbitrator acted

-3-

outside of his authority by failing to duly recognize and abide by the terms of the agreement, we do not, for the reasons discussed below, see merit in those claims.

## B. ARBITRATOR'S ALLEGED ERRORS OF LAW

Defendant next contends that the arbitrator made several errors of law in finding that plaintiff was not liable for the negative account balance. A court may only vacate an arbitrator's award if it was "procured by corruption, fraud, or other undue means[,]" if "[t]here was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights[,]" if "[t]he arbitrator exceeded his or her powers[,]" or if "[t]he arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights." MCL 600.5081(2). "A reviewing court may not review the arbitrator's findings of fact, . . . and any error of law must be discernible on the face of the award itself." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). An error is discernible on its face if it "is evident without scrutiny of intermediate mental indicia." *Id*. (citation omitted). "Courts will not engage in a review of an arbitrator's mental path leading to the award." *Id*. (cleaned up).

Defendant argues that the arbitrator improperly disregarded the Financial Crimes Enforcement Network (FinCEN) regulations issued by the U.S. Department of Treasury that required plaintiff to apply enhanced due diligence, and that the MRB addendum required plaintiff to apply enhanced due diligence as well and to refuse to process the transactions at issue. The language regarding enhanced due diligence in the MRB addendum is as follows:

> Because of the enhanced due diligence that is required by the U.S. Department of Treasury and the Financial Crimes Enforcement Network (FinCEN), MRBs and Ancillary MRBs will be required to provide additional information in order to open and maintain an account.

> \* \* \*

> With the enhanced due diligence required by the U.S. Department of Treasury and FinCEN, the MRB and/or Ancillary Business will be required to provide additional information in order to open and maintain an account with Bank.

There is no error of law that is discernible from the face of the arbitrator's award in relation to this provision. The arbitrator observed, "While the MRB refers to 'enhanced due diligence' required by the U.S. Department of Treasury and FinCen, nowhere does it indicate which party was or is subject to a higher standard of care." The addendum language merely acknowledges the existence of regulatory obligations that plaintiff faces that explain the need for various restrictions it is imposing on the services it would provide defendant. It does not impose a duty on plaintiff to *refuse* to process international checks or wire transfers exceeding $100,000.

Absent any authority requiring plaintiff to bear liability for defendant's decision to accept fraudulent checks and initiate international wire transfers, the arbitrator neither exceeded his authority nor committed a facially discernible legal error.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani
/s/ Matthew S. Ackerman